OPINION
{¶ 1} Appellant James Miller ("Miller") brings this appeal from the judgment of the Court of Common Pleas of Auglaize County, Juvenile Division, terminating Miller's parental rights.
{¶ 2} On November 29, 2002, Brandon James Gordon nka Brandon James Miller ("Brandon") was born to Angela Gordon ("Gordon") and Miller at Lima Memorial Hospital. The child was determined to have several problems, including respiratory difficulties and was placed in neonatal care. The Allen County Department of Job and Family Services was concerned over the health and welfare of the child since the mother had other children in its custody. Due to Gordon's history, the child was tested for drugs and the results were positive for marijuana and cocaine. The caseworkers in Allen County contacted the Auglaize County Department of Job and Family Services ("ACDJFS") as that was the county of residence of Miller. Due to ACDJFS's concerns about Miller's residence and the positive drug tests, ACDJFS filed a complaint alleging Brandon was dependent. On December 12, 2002, the trial court granted temporary custody to ACDJFS, citing Gordon's drug abuse, the financial situation of the parents and the parents' lack of ability to meet the child's basic needs.
{¶ 3} On February 25, 2003, ACDJFS prepared a case plan with the goal of reunification of Brandon with his parents. The case plan required Miller to 1) address his relationship with Gordon and determine if he wished to continue it, 2) attend counseling in order to learn how to handle stress, 3) obtain employment and have a stable source of income for at least three consecutive months, 4) obtain a fire inspection on their home, 5) permit a caseworker to inspect the home, 6) sever his relationship with Gordon if Miller does not believe he can provide a safe environment for Brandon with Gordon around, 7) attend parenting classes, and 8) obtain a substance abuse assessment. Many of theses objectives were connected with services to be obtained by Gordon. Miller signed the case plan on February 26, 2003.
{¶ 4} On March 7, 2003, Miller and Gordon admitted to the dependency allegations contained in the complaint. The trial court ordered Brandon into the temporary custody of ACDJFS and ordered Miller and Gordon to comply with the prior case plan. On September 11, 2003, ACDJFS filed for permanent custody of Brandon on the grounds that neither parent had complied with the case plan. A hearing was held on the motion on December 17, 2003. Gordon failed to appear at the hearing and a finding was made that she had abandoned Brandon pursuant to statutory definitions. The caseworker testified that Miller had not obtained employment, independent housing, or counseling as required by the case plan. Based upon the evidence before it, the trial court found that it would be in the best interests of Brandon for him to be placed in the permanent custody of ACDJFS and terminated the parental rights of Miller. Miller appeals from this judgment and raises the following assignments of error.
[ACDJFS] failed to show by clear and convincing evidence that the permanent parental rights of [Miller] should have been terminated under [R.C. 2151.414].
[Miller] was denied due process of law by the trial court when it failed to grant [Miller's] reasonable motion for a continuance of the permanent custody hearing.
{¶ 5} In the first assignment of error, Miller claims that the trial court erred by terminating his parental rights. The standard for termination of parental rights is set forth in R.C.2151.414.
(B)(1) * * * [T]he court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies * * * for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
* * *
(2) * * * [T]he court shall grant permanent custody of the child to the movant if the court determines in accordance with division (E) of this section that the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent and determines in accordance with division (D) of this section that permanent custody is in the child's best interest.
* * *
(D) In determining the best interest of a child at a hearing * * * the court shall consider all relevant factors, including, but not limited to, the following:
(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
(3) The custodial history of the child * * *.
(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
* * *
(E) In determining at a hearing * * * whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence * * * that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parent to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
* * *
(16) Any other factor the court considers relevant.
R.C. 2151.414.
{¶ 6} In this case, the caseworker testified that ACDJFS was concerned about Miller's relationship with Gordon and his financial situation at the time Brandon was taken into temporary custody. Miller had failed to obtain employment while the case plan was pending. Miller had also failed to obtain independent housing. He continued to reside with his father, who refused to permit ACDJFS officials to enter the residence to determine whether the housing was suitable for a young child. Miller had not attended any counseling sessions prior to the motion for permanent custody. Once the motion for permanent custody was filed, Miller began attending counseling programs through Lutheran Social Services. ACDJFS presented evidence that Miller had been notified by several letters what he needed to do to comply with the case plan and that Miller had been notified of the semi-annual review, however Miller failed to respond. Thus, evidence was presented to the trial court from which it could find that Miller had failed to complete the case plan despite reasonable efforts by ACDJFS. Once this finding is made, the trial court is required by the statute to make a finding that the child cannot or should not be placed with the parent within a reasonable time. R.C. 2151.414(E). Thus, the trial court did not err by entering a finding that Brandon could not be placed with Miller within a reasonable time and terminating Miller's parental rights. The first assignment of error is overruled.
{¶ 7} In the second assignment of error, Miller claims that the trial court erred by denying his motion for a continuance. A decision by the trial court to deny a motion for continuance is within the sound discretion of the trial court and should not be reversed absent a showing of abuse of that discretion. Henson v.Highland Dist. Hosp. (2001), 143 Ohio App.3d 699,758 N.E.2d 1166.
In evaluating the discretion of a lower court, a reviewing court must be circumspect. The fact that the reviewing court might reach a different conclusion than did the lower court does not establish abuse of discretion. * * * Rather, the reviewing court must demonstrate that the lower court's exercise of discretion was "not justified by, and clearly against, reason and the evidence; * * * such action must plainly appear to effect an injustice to the appellant."
Id. at 704 (citations omitted).
{¶ 8} The evidence before the trial court was that Miller had not started to comply with the case plan until after the motion for permanent custody was filed. ACDJFS presented copies of 19 letters sent to Miller, some by certified mail, that all indicated that Miller must start working on the case plan or his parental rights may be terminated. Miller was also notified of the semi-annual review of the case plan and chose not to attend. Although this court might have granted the three month continuance given the fact that Miller had attended the majority of his visits and had recently terminated his relationship with Gordon, we cannot find that the trial court abused its discretion by denying it. The evidence was such that the trial court's decision was reasonable. The second assignment of error is overruled.
{¶ 9} The judgment of the Court of Common Pleas of Auglaize County, Juvenile Division, is affirmed.
 Judgment Affirmed.
Shaw, P.J. and Cupp, J., concur.