[Cite as *In re L.S.*, 2011-Ohio-3836.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95809**

## IN RE:    L.S.

## Minor Child

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD 08934589

**BEFORE:**   Cooney, J., Stewart, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   August 4, 2011

**ATTORNEY FOR APPELLANT**

Gregory T. Stralka

Crown Centre Suite 600-30
5005 Rockside Road
Cleveland, Ohio 44131

**ATTORNEYS FOR APPELLEE**

**For C.C.D.C.F.S.**
William D. Mason
Cuyahoga County Prosecutor
Gregory S. Millas
Assistant County Prosecutor
8111 Quincy Avenue, Room 444
Cleveland, Ohio 44104

**For Mother**
Denise Rini
Bartos & Rini, LPA
13363 Madison Avenue
Lakewood, Ohio 44107

**GUARDIAN AD LITEM**

**For Child**
Joseph J. Jacobs
Jacobs Legal Group
15614 Detroit Avenue, Suite 6
Lakewood, Ohio 44107

**For Mother**
Thomas Kozel
P.O. Box 534
North Olmsted, Ohio 44070-0534

COLLEEN CONWAY COONEY, J.:

{¶ 1} Appellant, B.S. ("father" or "B.S."), appeals the trial court's order granting permanent custody of his minor child, L.S. ("the child" or "L.S."), to appellee, Cuyahoga County Department of Children and Family Services ("the agency"). Finding no merit to the appeal, we affirm.

{¶ 2} In June 2008, L.S. (born September 2005) was removed from his mother's home and placed in the emergency custody of the agency. The case proceeded to trial. Both mother and father stipulated to the allegations contained in the complaint. In September 2008, a magistrate adjudicated L.S. neglected and abused and committed the child to the temporary custody of the agency.

{¶ 3} The mother's case plan for reunification with the child required her to complete a drug and alcohol assessment and treatment, participate in domestic violence and mental health services, and obtain appropriate housing. Mother actively participated in her case plan and was reunited with L.S. in June 2009. The agency anticipated a termination of the temporary custody. However, just days after losing her housing, mother returned L.S. to the foster placement, and the agency's motion to terminate temporary custody was denied. In accordance with two extensions of temporary custody, L.S. remained in temporary custody until March 2010. Despite her initial attempts, mother had failed to comply with her case

plan and the agency sought permanent custody. At the time of the hearing, B.S. was incarcerated in Kentucky, but had been served with the agency's motion for permanent custody. Despite having been served, he did not request to be present at the hearing. The trial court granted the agency's motion, awarding permanent custody of L.S. to the agency.

{¶ 4} It is from this order that B.S. now appeals.

{¶ 5} In his first assignment of error, B.S. argues that the agency failed to establish by sufficient evidence that he was repeatedly incarcerated and unable to provide care for his child. In his second assignment of error, B.S. argues that the findings by the trial court granting permanent custody were against the manifest weight of the evidence. These assignments of error address the same facts and pertinent law, and will therefore be addressed together.

{¶ 6} When reviewing a trial court's judgment in child custody cases, the appropriate standard of review is whether the trial court abused its discretion. *Masters v. Masters*, 69 Ohio St.3d 83, 1994-Ohio-483, 630 N.E.2d 665. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Miller v. Miller* (1988), 37 Ohio St.3d 71, 73, 523 N.E.2d 846. An appellate court must adhere to "every reasonable presumption in favor of the lower court's judgment and finding of facts." *In re Brodbeck* (1994), 97 Ohio App.3d 652, 659, 647

N.E.2d 240, quoting *Gerijo, Inc. v. Fairfield*, 70 Ohio St.3d 223, 226, 1994-Ohio-432, 638 N.E.2d 533.

**{¶ 7}** Where clear and convincing proof is required at trial, a reviewing court will examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the requisite degree of proof. *In re T.S.*, Cuyahoga App. No. 92816, 2009-Ohio-5496, ¶24, citing *State v. Schiebel* (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54. Judgments supported by competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. Id.

**{¶ 8}** Clear and convincing evidence is "that measure or degree of proof which is more than a mere 'preponderance of the evidence' but not to the extent of such certainty required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *In re Awkal* (1994), 95 Ohio App.3d 309, 315, 642 N.E.2d 424, citing *Lansdowne v. Beacon Journal Pub. Co.* (1987), 32 Ohio St.3d 176, 180-181, 512 N.E.2d 979.

**{¶ 9}** Further, issues relating to the credibility of the witnesses and the weight to be given the evidence are primarily for the trier of fact. *Bechtol v. Bechtol* (1990), 49 Ohio St.3d 21, 23, 550 N.E.2d 178; *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273.

{¶ 10} R.C. 2151.414 sets forth a two-prong analysis to be applied by the juvenile court for a determination of whether permanent custody should be granted to an agency. The statute requires the court to find, by clear and convincing evidence, (1) one of the factors enumerated in R.C. 2151.414(B)(1)(a)-(d), and (2) an award of permanent custody is in the best interest of the child.

{¶ 11} In regard to the first prong, R.C. 2151.414(B)(1)(a)-(d) provides:

"(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:

"(a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period if, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

"(b) The child is abandoned.

"(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

"(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state."

{¶ 12} In the instant case, the trial court satisfied the first prong on numerous grounds. First, the trial court found that L.S. had been in agency custody for at least 12 months of a consecutive 22-month period, pursuant to R.C. 2151.414(B)(1)(d). At the time of the permanent custody hearing, L.S. had in fact been in custody for over 20 months. In addition, the trial court found that the child could not be placed with either parent within a reasonable time, pursuant to R.C. 2151.414(B)(1)(a), based on the report from the guardian ad litem and the testimony of the social workers. Having failed to comply with his case plan and due to his incarceration, B.S. did not have appropriate housing available for L.S.

{¶ 13} The agency social worker testified that in the course of the case, father had been chronically homeless and imprisoned on numerous occasions. She testified that father had not complied with his case plan during the periods of time he was not in prison. He tested

positive for marijuana in one drug test and had failed to attend numerous substance abuse assessments for which he was scheduled. The trial court also found that the child had been abandoned, pursuant to R.C. 2151.414(B)(1)(b). Thus, the first prong was satisfied by clear and convincing evidence.

{¶ 14} The second prong requires the trial court to make the finding that permanent custody is in the best interest of the children pursuant to R.C. 2151.414(D)(1) through (5), which state:

"(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

"(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

"(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;

"(4) The child's need for a legally secure permanent placement and whether * * * [it] can be achieved without a grant of permanent custody to the agency;

"(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."

{¶ 15} This court has found that only one of these enumerated factors needs to be resolved in favor of the award of permanent custody. *In re Moore* (Aug. 31, 2000), Cuyahoga App. No. 76942, citing, *In re Shaeffer Children* (1993), 85 Ohio App.3d 683, 621 N.E.2d 426; see, also, *In re M.Z.*, Cuyahoga App. No. 80799, 2002-Ohio-6634; *In Re Legg*, Cuyahoga App. Nos. 80542 and 80543, 2002-Ohio-4582.

{¶ 16} In the instant case, the trial court stated in its journal entry that it had considered all the relevant factors pursuant to R.C. 2151.414(D) in determining the best interest of the child. The record shows that the child had been in custody for 12 or more months of a consecutive 22-month period. In addition, the record described the lack of interactions with the father during the vast majority of the child's time in custody. Although L.S. was too young to voice his own desires, the trial court found that he is "entitled to stability and a legally secure placement." The court further found that this could only be achieved through permanent custody. In light of all the evidence, the trial court properly found that permanent custody was in the child's best interest.

{¶ 17} The trial court's determination to award permanent custody to the agency was based on clear and convincing evidence. This evidence included reports and testimony describing B.S.'s repeated incarcerations and inability to care for L.S. The termination of parental rights was supported by sufficient evidence and was not against the manifest weight

of the evidence. Therefore, we find no abuse of discretion by the trial court in granting permanent custody to the agency.

{¶ 18} Accordingly, the first and second assignments of error are overruled.

{¶ 19} In his third assignment of error, B.S. argues that the trial court abused its discretion when it failed to grant the guardian ad litem's request for a continuance to investigate relatives of the child.

{¶ 20} Juv.R. 23 provides that "[c]ontinuances shall be granted only when imperative to secure fair treatment for the parties." Further, Loc.R. 49(C) of the Juvenile Division states: "No case will be continued on the day of trial or hearing except for good cause shown, which cause was not known to the party or counsel prior to the date of trial or hearing, and provided that the party and/or counsel have used diligence to be ready for trial and have notified or made diligent efforts to notify the opposing party or counsel as soon as he/she became aware of the necessity to request a postponement. This rule may not be waived by consent of counsel."

{¶ 21} The grant or denial of a continuance is a matter that is entrusted to the broad, sound discretion of the trial judge, and an appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion. *State v. Unger* (1981), 67 Ohio St.2d 65, 67, 423 N.E.2d 1078; *In re Zhang* (1999), 135 Ohio App.3d 350, 354, 734 N.E.2d

379; *In re Miller*, 3d Dist. No. 2-04-02, 2004-Ohio-3023.   An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably.   *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.   When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court.   Id.

**{¶ 22}** In the instant case, the guardian ad litem requested a continuance during the permanent custody hearing in order to investigate potential out-of-state relatives.   These paternal relatives had come forward and voiced their desire to gain custody of L.S.   However, no motion for custody was filed with the court prior to the hearing.   The trial court rejected the guardian ad litem's request, finding that:

**{¶ 23}** "[t]he Court cannot and will not delay permanency for this child for a minimum of another six month[s] to a year in order to see if the paternal relatives in Massachusetts are a suitable placement for only one of the brothers."[1]

**{¶ 24}** L.S.'s paternal grandfather testified during the hearing that his family had been made aware of the agency's motion for permanent custody in March 2010.   The hearing was held in July 2010, and yet no motion for custody by any extended family had been made prior

---

[1]   L.S. was in foster care with his infant brother.   The two children share the same biological mother, but do not share the same biological father.

to the hearing, nor had any visits been requested by the paternal extended family in the months prior to the hearing.

**{¶ 25}** This court has repeatedly held that:

**{¶ 26}** "[t]he trial court is not required to consider placing the children with a relative prior to granting permanent custody to CCDCFS. This court has previously held that the willingness of a relative to care for a child does not alter what the court must consider in determining permanent custody. *In re Benavides* (May 3, 2001), Cuyahoga App. No. 78204, citing *In re Patterson* (1999), 134 Ohio App.3d 119, 730 N.E.2d 439." *In re A.D.*, Cuyahoga App. No. 85648, 2005-Ohio-5441, at ¶12.

**{¶ 27}** Thus, the trial court did not abuse its discretion by denying the late request for a continuance.

**{¶ 28}** Accordingly, the third assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the juvenile court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

MELODY J. STEWART, P.J., and
SEAN C. GALLAGHER, J., CONCUR