[Cite as *In re D.T.*, 2014-Ohio-4818.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 100970 and 100971**

**IN RE: D.T., ET AL.**
**Minor Children**

[Appeal By E.J., Mother]

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. AD-11916021 and AD-11916022

**BEFORE:** Celebrezze, J., Boyle, A.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** October 30, 2014

**ATTORNEY FOR APPELLANT**

Betty C. Farley
17316 Dorchester Drive
Cleveland, Ohio   44119


**ATTORNEYS FOR APPELLEES**

**For C.C.D.C.F.S.**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Timothy D. Smanik
Assistant Prosecuting Attorney
C.C.D.C.F.S.
3955 Euclid Avenue
Room 307-E
Cleveland, Ohio 44115

**For Appellee-Father**

Vickie L. Jones
P.O. Box 110771
Cleveland, Ohio   44111

**ATTORNEY FOR CHILDREN**

Thomas Robinson
Law Offices of Thomas B. Robinson
P.O. Box 110298
Cleveland, Ohio   44111

**GUARDIAN AD LITEM FOR CHILDREN**

Donald Paul Christman
6520 Carnegie Avenue
Cleveland, Ohio   44103

FRANK D. CELEBREZZE, JR., J.:

{¶1} Appellant, E.J. ("mother"), appeals the judgment of the Cuyahoga County Court of Common Pleas, Juvenile Division, that granted legal custody of her minor children, P.T. and D.T., to the children's father, L.T. ("father"). After a careful review of the record, we affirm the juvenile court's determination.

## I. Procedural History

{¶2} On September 7, 2011, P.T. and D.T. ("the children") were removed from their mother's custody pursuant to an exparte telephonic order. The next day, the Cuyahoga County Division of Children and Family Services ("CCDCFS") filed a complaint for temporary custody and a motion for pre-dispositional temporary custody of the children. The complaint alleged P.T. to be abused, and both P.T. and D.T. to be dependent. The agency's motion for pre-dispositional temporary custody was granted that day.

{¶3} On December 14, 2011, P.T. was adjudicated to be abused, and both P.T. and D.T. were adjudicated to be dependent. On December 29, 2011, the trial court issued its decision by journal entry. On May 14, 2012, the magistrate committed the children to the temporary custody of CCDCFS. On May 30, 2012, the trial court issued its decision by judgment entry.

{¶4} On July 1, 2013, CCDCFS filed a motion to suspend visitation and communication between mother and the children. On July 8, 2013, the magistrate ordered that mother's visitation and communication with the children be suspended until further order of the court.

{¶5} On August 27, 2013, CCDCFS filed a motion seeking to place the children in the legal custody of their father. On September 5, 2013, the trial court held a hearing on the agency's motion where the following testimony was adduced.

**{¶6}** The children's therapists, Lisa Eulinberg and Robin Skolnik, testified at the hearing. Collectively, Eulinberg and Skolnik testified that both children love and miss their mother and that mother had some positive influences on them. However, Eulinberg and Skolnik each expressed concerns with mother's anger and her effect on the children's emotional development. Eulinberg discussed D.T.'s statements that mother made him feel disloyal for speaking positively of his father. Eulinberg testified that she believed mother's "alienation of affection" was detrimental to D.T.'s mental health. Finally, Eulinberg and Skolnik testified that the children's interaction with father was progressing positively and that they did not have any concerns with the children being placed in father's custody.

**{¶7}** CCDCFS social worker, Lauren Shaheed, testified she was assigned to the children's case in February 2012. Shaheed testified that mother's case plan objectives included parenting education, anger management, and a psychological evaluation. Shaheed stated that "mother complied with her case plan objectives" but "did not benefit from her case plan." Shaheed testified that mother was uncooperative and that her behavior was the same or even worse following her participation in the case plan. Shaheed testified that mother was "manipulative," frequently rude during her parenting classes, had not completed her anger management courses at the time Shaheed was assigned to the case, and made excuses not to attend individual therapy.

**{¶8}** With respect to father, Shaheed testified that he completed all the objectives of his case plan and was cooperative throughout the process. Shaheed stated that she "had never experienced a father so dedicated to his children." Accordingly, Shaheed opined that it was in the children's best interest to be placed in the legal custody of father.

**{¶9}** CCDCFS social worker, Bryanta Spencer, testified that she was assigned to the children's case in April 2013. With respect to mother's case plan, Spencer opined that, although mother attended parenting classes and anger management counseling prior to her involvement in this case, she did not benefit from those services. Spencer explained that her opinion was based on her observation of mother's visits with the children. Further, Spencer stated that mother provided no documentation to verify her completion or progress with individual therapy.

**{¶10}** Regarding father, Spencer testified that he was cooperative and completed the objectives of his case plan, which included parenting education and a psychological evaluation. Spencer testified that she visited father's home on two occasions and had no concerns. Accordingly, Spencer opined that it was in the children's best interest to be placed in the legal custody of father.

**{¶11}** After hearing all of the testimony provided at the September 5, 2013 hearing, the children's guardian ad litem recommended that father be granted legal custody of the children.

**{¶12}** On September 6, 2013, the magistrate granted legal custody of the children to father with protective supervision. On September 24, 2013, the trial court issued its decision by judgment entry.

**{¶13}** On December 10, 2013, CCDCFS filed a motion to terminate protective supervision and requested that custody of the children be granted to father without restriction. On December 17, 2013, the magistrate granted the agency's motion and granted legal custody to father without restriction. On January 2, 2014, the trial court issued its decision by judgment entry.

**{¶14}** Mother now brings this appeal, raising two assignments of error for review.

I. The trial court's decision to grant legal custody of the children to the father was not based on a preponderance of the evidence and therefore constitutes an abuse of discretion.

II. The trial court's decision to grant legal custody of the children to the father was against the manifest weight of the evidence.

## II. Law and Analysis

{¶15} In her first assignment of error, mother argues that the trial court's decision to grant legal custody to father was not based on a preponderance of the evidence, and therefore was an abuse of discretion. In her second assignment of error, mother argues that the trial court's judgment was against the manifest weight of the evidence. Because mother's first and second assignments of error raise related arguments, we address them together.

{¶16} Parents have a constitutionally protected interest in raising their children. *In re M.J.M.*, 8th Dist. Cuyahoga No. 94130, 2010-Ohio-1674, ¶ 15, citing *Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). That interest, however, is "'always subject to the ultimate welfare of the child.'" *Id.*, quoting *In re B.L.*, 10th Dist. Franklin No. 04AP-1108, 2005-Ohio-1151, ¶ 7.

{¶17} Under R.C. 2151.353(A)(3), the court may award legal custody of a child who has been adjudicated abused, neglected, or dependent, to any person who filed a motion requesting legal custody of the child prior to the dispositional hearing. Assuming the person seeking legal custody has complied with any statutory requirements, the court's authority to award legal custody under this statute "is limited only by the best interest of the child." *Id.*; *In re W.A.J.*, 8th Dist. Cuyahoga No. 99813, 2014-Ohio-604, ¶ 3. The best interest of the child is "of paramount concern" when making custody determinations. *In re M.J.M.* at ¶ 14.

{¶18} Legal custody is defined as follows:

[A] legal status that vests in the custodian the right to have physical care and control of the child and to determine where and with whom the child shall live, and the right and duty to protect, train, and discipline the child and to provide the child with food, shelter, education, and medical care, all subject to any residual parental rights, privileges, and responsibilities.

R.C. 2151.011(B)(21); *In re E.A,* 8th Dist. Cuyahoga No. 99065, 2013-Ohio-1193, ¶ 11.

{¶19} Legal custody is significantly different than the termination of parental rights in that, despite losing legal custody of a child, the parent of the child retains residual parental rights, privileges, and responsibilities. *In re G.M.*, 8th Dist. Cuyahoga No. 95410, 2011-Ohio-4090, ¶ 14, citing R.C. 2151.353(A)(3)(c). In such a case, a parent's right to regain custody is not permanently foreclosed. *In re M.J.M.* at ¶ 12. For this reason, the standard the trial court uses in making its determination is the less restrictive "preponderance of the evidence." *Id*. at ¶ 9, citing *In re Nice*, 141 Ohio App.3d 445, 455, 751 N.E.2d 552 (7th Dist.2001). "Preponderance of the evidence" means evidence that is more probable, more persuasive, or of greater probative value. *In re C.V.M.*, 8th Dist. Cuyahoga No. 98340, 2012-Ohio-5514, ¶ 7.

{¶20} Unlike permanent custody cases in which the trial court is guided by the factors outlined in R.C. 2151.414(D) before terminating parental rights and granting permanent custody, R.C. 2151.353(A)(3) does not provide factors the court should consider in determining the child's best interest in a motion for legal custody. *In re G.M.* at ¶ 15. We must presume that, in the absence of best interest factors in a legal custody case, "the legislature did not intend to require the consideration of certain factors as a predicate for granting legal custody." *Id.* at ¶ 16. Such factors, however, are instructive when making a determination as to the child's best interest. *In re E.A.* at ¶ 13.

{¶21} The best interest factors include, for example, the interaction of the child with the child's parents, relatives, and caregivers; the custodial history of the child; the child's need for a

legally secure permanent placement; and whether a parent has continuously and repeatedly failed to substantially remedy the conditions causing the child to be placed outside the child's home. R.C. 2151.414(D).

**{¶22}** Because custody determinations "'are some of the most difficult and agonizing decisions a trial judge must make,'" a trial judge must have broad discretion in considering all of the evidence. *In re E.A.* at ¶ 10, quoting *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997). We therefore review a trial court's determination of legal custody for an abuse of discretion. *Miller v. Miller*, 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988). An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶23}** In the case at hand, mother argues that the trial court's decision was an abuse of discretion because she had successfully completed her case plan. However, we are mindful that in making custody determinations, the trial court's principal concern is the children's best interest. While completing her case plan may be in mother's best interest, this is not a factor in determining what is in the children's best interest. *In re M.J.M.*, 8th Dist. Cuyahoga No. 94130, 2010-Ohio-1674, at ¶ 14. The successful completion of a case plan, "'is not dispositive on the issue of reunification.'" *In re W.A.J.*, 8th Dist. Cuyahoga No. 99813, 2014-Ohio-604, at ¶ 19, quoting *In re C.C.*, 187 Ohio App.3d 365, 2010-Ohio-780, 932 N.E.2d 360, ¶ 25 (8th Dist). "A parent can successfully complete the terms of a case plan yet not substantially remedy the conditions that caused the children to be removed — the case plan is simply a means to a goal, but not the goal itself." *Id*.

**{¶24}** Moreover, the record does not support mother's position that she successfully completed her case plan. Here, case worker Spencer testified that mother failed to provide the

agency with documentation that she completed the psychological evaluation objective of her case plan. Further, Shaheed and Spencer both testified that although mother completed her parenting classes and attended anger management counseling, they did not believe mother showed any benefit from having done so based on her interactions with the children during visitations. Shaheed and Spencer testified that mother was uncooperative and did not take her case plan seriously, often referring to it as "a waste of time." Moreover, Shaheed, Spencer, Eulinberg, and Skolnik each testified that mother continued to manipulate the children's relationship with father and their progress in therapy. Ultimately, the magistrate agreed, finding that mother had not benefitted from the case plan services, including counseling and anger management.

{¶25} Given the evidence presented at the September 5, 2013 hearing, we cannot say that the trial court's determination that it would be in the best interest of the children to be placed in the legal custody of father was arbitrary or unreasonable. The evidence shows that mother has failed to remedy the conditions that initially caused the children to be removed from her home. In contrast, the evidence shows that father has taken his obligations under the case plan seriously and has made a substantial effort to provide his children with a safe and stable home.

### III. Conclusion

{¶26} In light of the above, we find that the trial court's decision was supported by a preponderance of the evidence and was not against the manifest weight of the evidence. We therefore find that the trial court's award of legal custody to father was in the best interest of the children and was not an abuse of discretion.

{¶27} Mother's first and second assignments of error are overruled.

{¶28} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, A.J., and
TIM McCORMACK, J., CONCUR