[Cite as *In re D.G.B.*, 2019-Ohio-3571.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| IN RE D.G.B., ET AL. | : | |
| | : | No. 107921 |
| Minor Children | : | |
| | : | |
| [Appeal by A.A.K., Mother] | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** September 5, 2019

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. AD-17916293, AD-17916294, AD-17916296, AD-17916297,
and AD-17916298

***Appearances:***

Judith M. Kowalski, *for appellant.*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Timothy W. Clary, Assistant Prosecuting
Attorney, *for appellee.*

LARRY A. JONES, SR., J.:

{¶ 1} In this appeal, Mother challenges the juvenile court's October 2018 judgment overruling her objections to a decision of a trial court magistrate, and affirming and adopting the magistrate's decision that granted custody of the subject

children to their fathers. For the reasons that follow, we affirm, but remand for further proceedings.

**Procedural History**

{¶ 2} The record before us demonstrates that this case was initiated in November 2017 when the Cuyahoga County Department of Children and Family Services ("CCDCFS" or "the Agency") filed a complaint alleging that five of Mother's children were neglected and seeking an order of protective supervision for them. The children are K.K., L.P., S.P., M.B., and D.G.B.[1] L.P. and S.P. share a father; D.G.B. and M.B. share a father; and K.K. is the child of another father. In January 2018, the parties stipulated to an amended complaint finding the children to be dependent and agreeing to protective supervision to the Agency.

{¶ 3} In May 2018, the children's guardian ad litem ("GAL") filed a motion to place the children in the emergency custody of their fathers; the trial court granted the motion.[2] In June 2018, CCDCFS filed motions requesting legal custody of the children be granted to the fathers, and a full hearing before the magistrate was held on the motions in August 2018. Mother failed to appear at the hearing, and her attorney requested a continuance, which the magistrate denied. The magistrate issued a decision that S.P. and L.P.'s father be granted legal custody of them, along with K.K.; and that D.G.B. and M.B.'s father be granted legal custody of them. Mother filed objections to the magistrate's decision; her objections were overruled

---

[1]Mother has another child, P.S., whose case proceeded separately from this case.

[2]K.K. was placed with S.P. and L.P.'s father.

and the trial court adopted and affirmed the magistrate's decision. Mother now appeals, asserting the following two errors for our review:

> First Assignment of Error: The trial court erred to the prejudice of the appellant and against the best interests of the children when it denied a continuance for the appellant-Mother, depriving her of her right to due process and abusing its discretion, as the Mother's attorney informed the court her absence was due to medical reasons.

> Second Assignment of Error: The trial court erred to the prejudice of the appellant and against the best interests of the minor children in awarding full legal custody, as opposed to temporary custody, of the children to their respective Fathers.

**Factual History**

{¶ 4} As mentioned, the full hearing on the motions for legal custody was held in August 2018, Mother was not present, and her counsel sought a continuance. Mother's attorney told the court that he had not talked with Mother that day, but he did receive an email message from her saying that she was in the emergency room. Specifically, the email message stated that she had a migraine, was initially unable to get out of bed, but after taking medication, she went to the emergency room. Counsel conceded that Mother did not send any proof or even tell him at which emergency room she was seeking treatment.

{¶ 5} Counsel for the Agency, counsel for two of the Fathers, and the GAL opposed the request for a continuance. The GAL informed the court that Mother had done this once before — a hearing was scheduled, she claimed she was in the emergency room, but did not offer any proof. The magistrate took a recess, during which Mother's counsel was to attempt to reach Mother and request proof of her emergency-room treatment. The record demonstrates that Mother's counsel was

able to contact Mother, and she informed him that she was not at the hospital. The GAL and all other counsel again objected to Mother's request for a continuance, and the magistrate denied the request.

{¶ 6} CCDCFS presented the Agency case worker. She described Mother's case plan, which included mental health, housing, and substance-abuse treatment. In regard to housing, the worker testified that in March 2018, Mother was evicted from a residence in South Euclid, Ohio. In May 2018, Mother went to live with a boyfriend and his mother in Norton, Ohio, but was not allowed back to the property after a restraining order was issued against Mother due to domestic violence incidents between her, i.e. Mother, and the boyfriend's mother. The worker testified that Mother gave her a Solon address as her new home, but mail to that address was coming back. The worker testified that, to her knowledge, Mother did not have housing of her own at the time of the hearing.

{¶ 7} In regard to substance-abuse treatment, the Agency requested Mother to submit to random urine and hair samples, but Mother had not complied with those requests, altogether refusing to provide either hair or urine samples. As such, the Agency had no documented period of sobriety for Mother.

{¶ 8} In regard to mental health, the worker testified that the Agency needed Mother to sign a release for documentation that she had been going to her mental health care provider. Mother eventually signed one, but it was a limited release, and the worker was unable to obtain the documentation she needed. The

record further demonstrates that while the children were in Mother's care they had excessive school absenteeism.

{¶ 9} Because Mother had not satisfied her case-plan objectives, the worker testified that the Agency was unable to recommend Mother's reunification with the children. She testified that the children were doing well in their placements with the respective fathers.

{¶ 10} The GAL also addressed the magistrate and detailed his "grave concerns" for the children being in Mother's care. In addition to everything that the Agency worker testified to, the GAL informed the court that Mother self-reported in criminal proceedings against her in Summit County that she had mental-health-issues and/or an intellectual disability. The GAL also informed the magistrate how well the children were doing in their placements with the respective fathers. He noted that he was particularly pleased that, given the previous issues with excessive absenteeism, one of the children was on course to graduate high school on time. The children informed the GAL that they were happy in their respective placements and wished to remain with the fathers.

**Law and Analysis**

<u>Denial of Mother's Motion for Continuance not an Abuse of Discretion</u>

{¶ 11} In her first assignment of error, Mother contends that she was denied her due process rights when the court proceeded without her at the hearing. We disagree.

{¶ 12} Juv.R. 23, governing continuances, provides that "[c]ontinuances shall be granted only when imperative to secure fair treatment for the parties." Further, Loc.R. 35(C) of the Cuyahoga County Court of Common Pleas, Juvenile Division, provides:

> No case will be continued on the day of trial or hearing except for good cause shown, which cause was not known to the party or counsel prior to the date of trial or hearing, and provided that the party and/or counsel have used diligence to be ready for trial and have notified or made diligent efforts to notify the opposing party or counsel as soon as he/she became aware of the necessity to request a postponement. This rule may not be waived by consent of counsel.

{¶ 13} The decision whether to grant a continuance is within the "broad, sound discretion" of the trial court and will not be reversed absent an abuse of discretion. *In re S.C.*, 8th Dist. Cuyahoga No. 102350, 2015-Ohio-2410, ¶ 23; *In re L.S.*, 8th Dist. Cuyahoga No. 95809, 2011-Ohio-3836, ¶ 21. An abuse of discretion occurs where the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 14} It is well established that a parent has a "fundamental liberty interest" in the care, custody, and management of his or her child and an "essential" and "basic civil right" to raise his or her children. *Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); *In re Murray*, 52 Ohio St.3d 155, 156, 556 N.E.2d 1169 (1990). "'The right to parent one's children is a fundamental right' * * * protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution." *In re B.W.*, 8th Dist. Cuyahoga No. 102475, 2015-Ohio-2768, ¶ 21, quoting *In re C.F.*, 113

Ohio St.3d 73, 2007-Ohio-1104, 862 N.E.2d 816, ¶ 28. "A fundamental requirement of due process is the 'opportunity to be heard' at a 'meaningful time and in a meaningful manner.'" *In re B.W.* at *id.*, quoting *In re L.F.*, 9th Dist. Summit Nos. 27218 and 27228, 2014-Ohio-3800, ¶ 39.

{¶ 15} However, "a parent's right to be present at a custody hearing is not absolute." I*n re C.G.*, 9th Dist. Summit No. 26506, 2012-Ohio-5999, ¶ 19, citing *In re J.S.*, 9th Dist. Lorain No. 10CA009908, 2011-Ohio-985, ¶ 17; *see also In re Pedro R.*, 6th Dist. Lucas No. L-04-1017, 2005-Ohio-539, ¶ 9 ("A transfer of legal custody does not divest a parent of his [or her] fundamental parental rights; and such a parent remains free to petition the courts for a custody modification at any time. * * * Accordingly, due process does not mandate that a parent be present at a hearing to change legal custody of a child."), citing *In the matter of Holewinski*, 6th Dist. Lucas No. L-92-216, 1993 Ohio App. LEXIS 2452 (May 14, 1993). Even when termination of parental rights is at stake, parents "must exhibit cooperation and must communicate with counsel and with the court in order to have standing to argue that due process was not followed" if the court proceeds with a hearing in their absence. *In re Q.G.*, 170 Ohio App.3d 609, 2007-Ohio-1312, 868 N.E.2d 713, ¶ 12 (8th Dist.); *In re C.G.* at *id.*

{¶ 16} The Ohio Supreme Court has identified certain factors to be considered in determining whether a continuance is appropriate. These factors include:

the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.

*State v. Unger*, 67 Ohio St.2d 65, 67-68, 423 N.E.2d 1078 (1981).

{¶ 17} Here, two hearings were set for the motions for legal custody: one on June 12, 2018 and the other on August 16, 2018. At the first hearing, Mother was "arraigned" on the legal custody requests and sought and was granted a continuance for a full hearing. Mother was advised at that time of her trial rights and the legal consequences of an order of legal custody.

{¶ 18} For the second, August full hearing, Mother contacted her attorney, via email, alleging a medical emergency. Initially, her counsel, per Mother's representation to him, reported that Mother was at the emergency room. However, after contacting Mother to request documentation of her emergency, counsel learned that Mother, in fact, was not, and had not been, in the emergency room. Counsel for the fathers and the children's GAL all opposed Mother's request for a continuance, and the GAL reminded the magistrate that Mother had once before claimed an inability to attend a hearing due to a medical emergency, but offered no documentation of the emergency.

{¶ 19} On this record, there was no abuse of discretion by the trial court denying Mother's request for a continuance. The other parties were present and

ready to proceed, and Mother was unable to document that she in fact did have a medical emergency that prevented her from attending the hearing.

{¶ 20} The first assignment is overruled.

Legal Custody to Fathers in Children's Best Interest

{¶ 21} For her second assignment of error, Mother contends that the trial court erred and abused its discretion by finding that legal custody of the children to the fathers was in their best interest.

{¶ 22} Under R.C. 2151.011(B)(21), legal custody is defined as

> a legal status that vests in the custodian the right to have physical care and control of the child and to determine where and with whom the child shall live, and the right and duty to protect, train, and discipline the child and to provide the child with food, shelter, education, and medical care, all subject to any residual parental rights, privileges, and responsibilities.

{¶ 23} When a juvenile court awards legal custody following an adjudication of abuse, neglect, or dependency, "it does so by examining what would be in the best interest of the child based on a preponderance of the evidence." *In re M.J.M.*, 8th Dist. Cuyahoga No. 94130, 2010-Ohio-1674, ¶ 11, 14 (best interest of the child is "of paramount concern" when making custody determinations); *In re D.T.*, 8th Dist. Cuyahoga Nos. 100970 and 100971, 2014-Ohio-4818, ¶ 17 ("Assuming the person seeking legal custody has complied with any statutory requirements, the court's authority to award legal custody under this statute 'is limited only by the best interest of the child,'" quoting *In re W.A.J.*, 8th Dist. Cuyahoga No. 99813, 2014-Ohio-604, ¶ 3); *see also In re W.A.J.* at ¶ 2 (preponderance of the evidence standard

applies to trial court's factual findings when determining legal custody). "Preponderance of the evidence" means "'evidence that is more probable, more persuasive, or of greater probative value.'" *In re C.V.M.*, 8th Dist. Cuyahoga No. 98340, 2012-Ohio-5514, ¶ 7, quoting *In re D.P.*, 10th Dist. Franklin No. 05AP-117, 2005-Ohio-5097, ¶ 52.

{¶ 24} The juvenile court's decision whether to grant or deny a request for legal custody is within its sound discretion. *In re R.R.*, 9th Dist. Summit No. 23641, 2007-Ohio-4808, ¶ 11, citing *In re M.S.*, 9th Dist. Summit No. 22158, 2005-Ohio-10, ¶ 11. Therefore, we apply an abuse-of-discretion standard when reviewing the trial court's "'ultimate decision on whether the facts as determined would make it in the child's best interests to be placed in legal custody.'" *In re W.A.J.* at *id.*, quoting *In re G.M.*, 8th Dist. Cuyahoga No. 95410, 2011-Ohio-4090, ¶ 14, citing *In re B.H.*, 8th Dist. Cuyahoga No. 95794, 2011-Ohio-1967, ¶ 10. We likewise review the trial court's decision to accept or reject the magistrate's decision for abuse of discretion. *In re S.E.*, 8th Dist. Cuyahoga No. 96031, 2011-Ohio-2042, ¶ 13.

{¶ 25} Where a custody determination is supported by "competent, credible evidence" it will not be reversed as being against the manifest weight of the evidence. *In re S.D.*, 8th Dist. Cuyahoga Nos. 99410, 99411, and 99412, 2013-Ohio-3535, ¶ 13, citing *In re B.M.*, 8th Dist. Cuyahoga No. 96214, 2011-Ohio-5176, ¶ 32.

{¶ 26} Unlike permanent custody cases in which the trial court is guided by the factors specified in R.C. 2151.414(D) in determining what is in a child's best interest, R.C. 2151.353(A)(3), governing legal custody, does not list specific factors a

court should consider in deciding what is in the child's best interest in determining legal custody. *In re G.M.*, 8th Dist. Cuyahoga No. 95410, 2011-Ohio-4090, at ¶ 15. This court has previously stated, "[w]e must presume that, in the absence of best interest factors in a legal custody case, 'the legislature did not intend to require the consideration of certain factors as a predicate for granting legal custody.'" *In re D.T.*, 2014-Ohio-4818, at ¶ 20, citing *In re G.M.* at ¶ 16.

{¶ 27} Although there is no "specific test or set of criteria" that must be followed in determining what is in a child's best interest in a legal custody case, this court has held that the R.C. 2151.414(D) factors may be "instructive." *In re D.T.*, at ¶ *id.*, citing *In re E.A.*, 8th Dist. Cuyahoga No. 99065, 2013-Ohio-1193, ¶ 13. These factors include: the interaction of the child with the child's parents, relatives and caregivers; the wishes of the child, as expressed directly by the child or through the child's guardian ad litem; the custodial history of the child; and the child's need for a legally secure permanent placement. R.C. 2151.414(D).

{¶ 28} The magistrate made the following findings, which were affirmed and adopted by the trial court:

> [Mother] did not have verified independent housing for her and her children. [She] neglected to complete a screen or submit to a hair follicle exam. She has no documented date of sobriety. The record was devoid of any evidence suggesting that Mother's mental health concerns had been alleviated. [Mother] admitted during a staffing that the children's educational needs have been neglected. The children are now residing with their biological fathers or an interested party. The children are well bonded to their current caregivers.

**{¶ 29}** All of these findings are supported by the record. Thus, we cannot say that the trial court's decision granting legal custody of the children to the fathers is against the manifest weight of the evidence.

**{¶ 30}** We are not persuaded by Mother's contention that the trial court should have placed the children in temporary custody to give CCDCFS time to investigate and verify the status of her case plan completion. Under R.C. 2151.415(D)(1), a first extension of temporary custody may only be granted if the court finds

> by clear and convincing evidence, that the extension is on the best interest of the child, there has been significant progress on the case plan of the child, and there is reasonable cause to believe that the child will be reunified with one of the parents or otherwise permanently placed within the period of extension.

**{¶ 31}** This court has held that if an extension is not in the child's best interest, or reunification is not likely in the next six months, the trial court is not required to grant an extension of temporary custody. *In re Da.B.*, 8th Dist. Cuyahoga No. 105886, 2018-Ohio-689, ¶ 17. The record here demonstrates that Mother had not made significant progress on her case plan — she refused to submit to drug testing, she did not verify that she had housing, and there was no documentation that she had completed any mental health treatment. Moreover, the children were doing well with their fathers, and expressed their desire to stay in their respective placements.

**{¶ 32}** After careful review of the record, we find no abuse of discretion by the juvenile court in adopting the magistrate's decision and entering an order of

legal custody. Competent, credible evidence supports the juvenile court's determination that granting legal custody to the fathers was in the children's best interest. The second assignment of error is therefore overruled. We do note, however, that Mother has mentioned that the trial court did not provide for any visitation time for her with the children or visitation among the separated children. We therefore remand to the trial court for further proceedings relative to visitation time.

{¶ 33} Judgment affirmed; case remanded for further proceedings consistent with this opinion.

It is ordered that appellant and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, SR., JUDGE

MARY EILEEN KILBANE, A.J., and
RAYMOND C. HEADEN, J., CONCUR