[Cite as *M.J. v. S.J.*, 2015-Ohio-3782.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| M.J., II, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 15AP-249 |
| | | (C.P.C. No. 12DR-02-0765) |
| S.J., | : | |
| | | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 17, 2015

*M.J., II*, pro se.

*S.J.*, pro se.

APPEAL from the Franklin County Court of Common Pleas
Division of Domestic Relations, Juvenile Branch

TYACK, J.

{¶ 1} Defendant-appellant, S.J., appeals the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, which adopted a magistrate's decision to grant a motion to modify parental rights. For the following reasons, we affirm the trial court's judgment.

{¶ 2} S.J. (the "mother"), and plaintiff-appellee, M.J. (the "father"), were married in 2006 and have one minor child, T.J. (the "child"), born in 2007 as a result of the marriage. The parties divorced on August 30, 2013. As part of the divorce, the mother was deemed the sole legal custodian and residential parent of the child and the father was ordered to pay child support. The parties agreed that the father should have visitation based on the local court rules with some minor modification.

{¶ 3} On November 5, 2014, the father filed a motion to modify parental rights and responsibilities. He asked to be named the residential parent and legal custodian. He

also asked that his child support payments be terminated. A hearing was set for the case but was continued a number of times so that service could be perfected on the mother, likely as a result of the mother's recent moves and changes of address.

{¶ 4} On March 10, 2015, a magistrate of the Division of Domestic Relations, Juvenile Branch conducted a hearing. The mother failed to appear at the hearing and the father appeared without counsel. Though the mother argues in her brief that her vehicle was unsafe to operate and she left several messages with the magistrate before 9:00 a.m. on the scheduled hearing date, the hearing proceeded with only the father being present.

{¶ 5} The magistrate issued a decision in which she stated her reasoning for modifying the parental rights:

> From October until January, Defendant left the child with Plaintiff. According to Plaintiff, Defendant moves frequently without notifying him. Indeed, a review of the Court file shows that shortly after the divorce was finalized, Defendant moved and the Court was unable to serve her with her final cost bill. Defendant has never filed a relocation notice with this Court in this case.

(R. 148, Magistrate's Decision.) The magistrate found, based primarily on the testimony of the father, that pursuant to R.C. 3109.04(E), there had been a change of circumstances sufficient to justify a modification of parental rights and responsibilities.

{¶ 6} On March 20, 2015, a domestic relations judge adopted the magistrate's decision, noting that the mother was duly served and notified of the hearing. The father was named the sole residential parent and legal custodian of the child. The mother was granted parenting time, and the father's child support obligations were reduced to zero along with the elimination of support for the months of October, November and December 2014.

{¶ 7} The mother timely appealed and the appeal is now properly before this court.

{¶ 8} The magistrate found a change in circumstances based on R.C. 3109.04(E) and held that it was in the best interests of the child to have the father as the legal custodian:

> The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree

> or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child.

R.C. 3109.04(E)(1)(a). In determining the best interests of the child, the court considers multiple factors set forth in R.C. 3109.04(F). Although the court is bound to follow R.C. 3109.04 in deciding child custody matters, it has broad discretion when determining the appropriate allocation of parental right and responsibilities. *Miller v. Miller*, 37 Ohio St.3d 71, 74 (1988); *Parker v. Parker*, 10th Dist. No. 05AP-1171, 2006-Ohio-4110, ¶ 23.

{¶ 9} An appellate court must afford a trial court's child custody determinations the utmost respect. *Pater v. Pater*, 63 Ohio St.3d 393, 396 (1992). This deference is given based on the nature of the proceeding, the impact the court's determination will have on the lives of the parties concerned, and the fact that the knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. *H.R. v. L.R.*, 181 Ohio App.3d 837, 2009-Ohio-1665, ¶ 13 (10th Dist.), quoting *Pater*, quoting *Miller*. Therefore, an appellate court will only reverse a trial court's custody determination if the trial court abused its discretion. *Miller* at 74; *Parker* at ¶ 23. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 10} The mother argues that it was error to grant the motion to modify parental rights. The mother argues in her brief that the father made false statements to the court, including that he did not have the child for as long as he claimed and that the father was fully aware of the mother's whereabouts during the time the motion to modify was filed.

{¶ 11} While the finding of a change in circumstances was based primarily on the father's testimony, there is no transcript of the hearing from which we can review said testimony. App.R. 9(B) requires that the appellant order the transcript in writing and file the transcript with the trial court. Even if the mother had filed a transcript, she failed to appear at the March 10 hearing and did not present any evidence or give testimony that would support her allegations now made in her brief.

{¶ 12} Reviewing the actual record, there is no evidence before us that could cause this court to find that the trial court abused its discretion. Consequently, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgment affirmed.*

LUPER SCHUSTER and HORTON, JJ., concur.