[Cite as *In re D.M.*, 2015-Ohio-3853.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE: D.M.                    :           APPEAL NO. C-140648
                                          TRIAL NO. F11-1553

                                    :           *O P I N I O N.*

Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  September 23, 2015

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Gerard A. Dulemba*, Assistant Prosecuting Attorney, for Appellee Hamilton County Department of Job and Family Services,

*Ginger S. Bock*, for Appellant Mother,

*Lisa Elliot Lee,* Pro Kids*,* Guardian Ad Litem for Appellee D.M.,

*Kacy Eaves*, for Appellee Father.

Please note:  this case has been removed from the accelerated calendar.

**DeWine, Judge.**

{¶1}     This is a mother's appeal of a juvenile court's decision granting legal custody of her daughter to the child's father.   Mother argues that the court's determination was not in the best interests of her daughter.   We conclude the court did not abuse its discretion in making its best-interests determination, so we affirm the judgment.

## I.  Background

{¶2}     Mother has three children—D.M., J.W. and P.W.   This appeal concerns only D.M.   In May 2011, the Hamilton County Department of Job and Family Services ("JFS") filed a complaint alleging the three children were neglected and dependent. Following a hearing on the complaint, the children were allowed to remain with mother under the interim protective supervision of JFS.   D.M.'s father was granted supervised visits with D.M. and indicated that he would file a petition for legal custody of her.   He filed the petition three weeks later.

{¶3}     Three months later, mother was charged with assault for punching father when he was returning D.M. from a visit.   JFS obtained emergency interim custody of the three children based on the assault, and D.M. was later placed in the interim custody of father with protective orders.   The children were subsequently adjudicated dependent and neglected.

{¶4}     A hearing was held on father's petition for legal custody of D.M.   The juvenile court magistrate also conducted an in-camera interview with D.M.   At the conclusion of the hearing, the magistrate issued a decision awarding legal custody of D.M. to father.   Mother objected to the decision.   The juvenile court denied mother's objections and adopted the magistrate's decision.

## II. Mother's Standing

{¶5} As a threshold matter, we consider whether mother has standing to appeal the court's decision. D.M.'s guardian ad litem ("the GAL") argues that she does not, because mother is challenging only whether father should have legal custody. Mother was still engaging in the case plan developed by JFS, so she did not seek custody herself.

{¶6} The general rule of appellate standing is straightforward: the person seeking to appeal (1) must have been a party in the proceedings below and (2) must have been aggrieved by the trial court's judgment. *See Ohio Contract Carriers Assn. v. Pub. Util. Comm. of Ohio*, 140 Ohio St. 160, 42 N.E.2d 758 (1942), syllabus. Here, mother was a party below. She was also aggrieved by the juvenile court's order. As D.M.'s birth mother, she was "the sole residential parent and legal custodian of the child until a court of competent jurisdiction issue[d] an order designating another person as the residential parent and legal custodian." R.C. 3109.042(A). The court's award of custody to father took away rights that mother had as D.M.'s legal custodian—that is, "the right to have physical care and control of the child and to determine where and with whom the child shall live, and the right and duty to protect, train, and discipline the child and to provide the child with food, shelter, education, and medical care[.]" R.C. 2151.011(B)(21). Once the court made its determination, the order could not be modified or terminated unless the court was to find "based on facts that [arose] since the order was issued or that were unknown to the court at that time, that a change has occurred in the circumstances of the child or the person who was granted legal custody, and that modification or termination of the order is necessary to serve the best interest of the child." R.C. 2151.42(B).

{¶7} The GAL likens this case to *In re T.W.*, 1st Dist. Hamilton No. C-130080, 2013-Ohio-1754, in which we held that a father had no standing to challenge the trial court's order granting permanent custody of his child to JFS and denying the custody petition of the child's great-grandmother. But reliance on *T.W.* is misplaced.

{¶8} Undergirding our conclusion in *T.W.* was the "prudential standing rule that normally bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves." *See Warth v. Seldin*, 422 U.S. 490, 509, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *Thomas v. Metro Life Ins. Co.*, 631 F.3d 1153, 1159 (10th Cir.2011) (noting that the principle applies when determining standing to appeal). *See also In re A.W.*, 1st Dist. Hamilton No. C-120787, 2013-Ohio-909. In *T.W.*, both on appeal and at the trial level, the father did not attempt to protect his parental rights. Instead, from the start, he championed the rights of the great-grandmother. The practical implication of a decision in father's favor was troubling. As we observed in our decision, "[g]reat-grandmother has not appealed from the denial of her custody petition, and we cannot assume that she still desires to be awarded custody of T.W." *T.W.* at ¶ 9. Had father prevailed in his appeal, we would have been faced with the possibility of awarding custody of a child to someone who no longer wished to have custody. "For that reason, an appellant cannot raise issues on behalf of an aggrieved third-party, particularly when that party could have appealed the issue to protect his or her own interests." *Id.*

{¶9} Here, mother asserted her parental rights below. During the hearing before the magistrate, she affirmed that her goal was to "get my kids back home." Because mother's appeal advances her parental rights, we conclude that she has standing to appeal.

### III. The Court Did Not Abuse its Discretion

{¶10}   Mother's sole assignment of error is that the trial court abused its discretion when it awarded legal custody to father.

{¶11}   A court's determination of legal custody must be based on the best interests of the child.  *See In re Allah*, 1st Dist. Hamilton No. C-040239, 2005-Ohio-1182, ¶ 10.  We review the determination under an abuse-of-discretion standard.  *In re Patterson*, 1st Dist. Hamilton No. C-090311, 2010-Ohio-766, ¶ 15.  An abuse of discretion exists if the court's decision regarding the child's best interests is not supported by competent, credible evidence.  *Id.*

{¶12}   In making the best-interests determination, the court referenced the factors set out in parenting and companionship cases.  *See* R.C. 3109.04(F).  The court found that both mother and father wanted D.M. in their sole care.  *See* R.C. 3109.04(F)(1)(a).  D.M. was interviewed by the magistrate and did not indicate a preference for living with one parent over the other.  *See* R.C. 3109.04(F)(1)(b).  The court noted that father had no prior history of neglect or dependency issues with JFS, and that D.M. had adjusted well during the time she had been in father's home.  *See* R.C. 3109.04(F)(1)(h) and (d).  These findings were supported by competent, credible evidence.

{¶13}   We conclude therefore that the court did not abuse its discretion in awarding legal custody to father.  The sole assignment of error is overruled, and the judgment of the court is affirmed.

Judgment affirmed.

**CUNNINGHAM, P.J.,** and **STAUTBERG, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

5