[Cite as *In Re: V.B.*, 2018-Ohio-2375.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: V.B. | : | APPEAL NO. C-170063 |
| | | TRIAL NO.  F15-441X |
| | : | |
| | : | *O P I N I O N.* |

Appeal From:  Hamilton County Juvenile Court

Judgment Appealed from is:  Affirmed

Date of Judgment Entry on Appeal:  June 20, 2018

*Suhre & Associates, LLC,* and *B. Bradley Berry,* for Appellee,

*Turner Legal Service, LLC,* and *Jamie L. Turner,* for Appellant.

**CUNNINGHAM, Presiding Judge.**

{¶1}   Appellant father challenges the judgment of the Hamilton County Juvenile Court adopting the magistrate's decision awarding legal custody of his minor child, V.B., to the child's mother.

{¶2}   V.B. was born on October 18, 2009.   While his parents were not married at the time of his birth, they lived together and raised V.B. for the next five years.   V.B. suffers from microcephaly and related developmental delays.   He requires frequent medical care and therapy.   Mother often attended these appointments.  Father was the principal earner for the family.

{¶3}   After the couple separated, father filed a petition in juvenile court seeking sole custody of V.B.  The matter was referred to a magistrate.  During an extensive pretrial period, father filed a proposed, but unsigned, shared-parenting plan.  Though she sought sole custody, in response, mother filed her own proposed, unsigned shared-parenting plan.  But neither party separately filed a pleading or motion seeking shared parenting as required under R.C. 3109.04(G).  V.B.'s guardian ad litem ("GAL") also filed a written report recommending that shared parenting would be in V.B.'s best interests, and expressing concern about whether mother would fully involve father in major decisions were she to be awarded custody.

{¶4}   Following a three-day trial at which both parties and the GAL testified, the magistrate issued a detailed written decision.  The magistrate noted that she was without authority to consider the appropriateness of a shared-parenting plan because neither parent had filed a pleading or motion requesting shared parenting.  After reviewing the relevant statutory factors, the magistrate allocated the parental rights and responsibilities for V.B.'s care to mother.  The magistrate also ordered that

father have substantial time with V.B. and included a detailed visitation plan in her decision.

{¶5} Father timely filed objections to the decision, challenging whether the magistrate was precluded from issuing a shared-parenting plan, and whether she had properly considered the GAL's recommendations. The juvenile court reviewed the complete record of the proceeding, overruled the objections, adopted the magistrate's decision without taking additional evidence, and entered judgment.

{¶6} The two issues raised in father's objections form the basis of the two assignments of error raised in this appeal. Father first argues that despite his failure to file a pleading or motion requesting shared parenting, under Ohio common law the juvenile court retained full discretion to adopt a shared-parenting plan and erred in failing to do so. We must disagree.

{¶7} The General Assembly has provided that the juvenile court shall exercise its jurisdiction in child-custody matters not under the common law but in accordance with R.C. 3109.04. *See* R.C. 2151.23(F)(1); *see also In re Poling*, 64 Ohio St.3d 211, 216, 594 N.E.2d 589 (1992); *In re M., R., & H. Children*, 1st Dist. Hamilton No. C-170008, 2017-Ohio-1431, ¶ 31.

{¶8} Here, neither parent "file[d] a pleading or motion," as required under R.C. 3109.04(G), requesting the court to grant both parents shared parental rights and responsibilities for the care of V.B. Therefore, shared parenting was not an issue before the court. *See Rymers v. Rymers*, 11th Dist. Lake No. 2009-L-160, 2010-Ohio-6439, ¶ 24; *see also Cuvar v. Cuvar*, 2d Dist. Greene No. 08CA0056, 2009-Ohio-4114, ¶ 7. In the absence of a shared-parenting pleading or motion, the magistrate and the juvenile court were required to "allocate the parental rights and responsibilities for the care of the child to one of the parents." R.C. 3109.04(A)(1).

Thus, the juvenile court did not err in refusing to award shared parenting. The first assignment of error is overruled.

{¶9} Father next contends that the magistrate and the juvenile court failed to give full consideration to the GAL's recommendations. In light of our resolution of the first assignment of error, we cannot say that the magistrate and juvenile court erred in failing to follow the GAL's shared-parenting recommendation. But father also maintains that the court disregarded the GAL's other concerns about awarding sole custody to mother.

{¶10} Under R.C. 3109.04(A)(1), the juvenile court is to decide to whom the parental rights and responsibilities for the care of a child shall be awarded, giving paramount consideration to the best interests of the child. We review the juvenile court's ruling on the objections, and its decision to adopt the magistrate's custody decision only for a showing of an abuse of discretion. *See Miller v. Miller*, 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988); *see also In re D.M.*, 1st Dist. Hamilton No. C-140648, 2015-Ohio-3853, ¶ 11.

{¶11} Under the R.C. 3109.04 best-interests test, no single factor is controlling. *See Lynch v. Lynch*, 6th Dist. Huron No. H-02-022, 2003-Ohio-1039, ¶ 31. The weight to be given to any single factor lies within the court's discretion. *See In re M., R., & H. Children*, 1st Dist. Hamilton No. C-170008, 2017-Ohio-1431, at ¶ 34. Thus, the magistrate and the juvenile court were not bound to follow the GAL's recommendations. *See In re Graham*, 167 Ohio App.3d 284, 2006-Ohio-3170, 854 N.E.2d 1126, ¶ 32 (1st Dist.); *see also In re M.W.*, 8th Dist. Cuyahoga No. 105565, 2017-Ohio-8580, ¶ 24. As with any other witness, the magistrate and the juvenile court were entitled to resolve disputes as to the GAL's credibility and the weight to be

4

given her report. *See Baker v. Baker*, 6th Dist. Lucas No. L-03-1018, 2004-Ohio-469, ¶ 30.

{¶12} Here, the magistrate and the juvenile court each reviewed and applied the best-interests factors under R.C. 3109.04(F). The magistrate found that V.B. interacts well with both parents but, as the GAL noted at trial and in her report, V.B.'s mother seems better able to control the child. *See* R.C. 3109.04(F)(1)(c). Both parents participate in V.B.'s care and major medical decisions, though, by mutual agreement, mother is the child's primary caregiver. Father is up to date on child support payments. *See* R.C. 3109.04(F)(1)(g). But in light of his failures to return V.B. to his mother at the agreed time and to keep mother apprised of a recent change of address, the magistrate found that mother was more likely to honor and facilitate court-ordered parenting time. *See* R.C. 3109.04(F)(1)(f).

{¶13} The record reveals that V.B.'s mother and father are both capable and loving parents. At trial, each was effective in highlighting deficiencies in the other's parenting skills. However, the magistrate's and the juvenile court's decision that mother was better able to provide the stable environment and care necessary for V.B.'s development is well supported in the record. *See In re D.M.*, 1st Dist. Hamilton No. C-140648, 2015-Ohio-3853, at ¶ 12. The second assignment of error is overruled.

{¶14} The judgment of the juvenile court is affirmed.

Judgment affirmed.

**ZAYAS** and **DETERS, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.