[Cite as *State v. Hoskins*, 2018-Ohio-3280.]

IN RE: G/D CHILDREN.                  :        APPEAL NOS. C-180170
                                                             C-180179
                                      :        TRIAL NO. F06-2742Z

                                      :

                                      :        *O P I N I O N.*


Appeals From: Hamilton County Juvenile Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  August 17, 2018


*Christopher P. Kapsal*, for Appellant Mother,

*Laursen & Lucas* and *Erik W. Laursen*, for Appellant Grandmother,

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Donald D. Clancy, III*, Assistant Prosecuting Attorney, for Appellee Hamilton County Department of Job and Family Services,

*Roberta J. Barbanel,* Guardin ad Litem, for G/D Children.

CUNNINGHAM, Judge.

{¶1}   In these consolidated appeals, mother and maternal grandmother each appeal from the judgment of the Hamilton County Juvenile Court adopting the magistrate's decision and granting permanent custody of three of mother's minor children, D.G., H.D., and A.D. ("the children"), to the Hamilton County Department of Job and Family Services ("HCJFS").  We affirm.

### Abuse and Endangerment of the Children

{¶2}   D.G., H.D., and A.D. were born in 2001, 2008, and 2009, respectively.   In March 2013, HCJFS received an allegation of abuse and endangerment of the children due to domestic disturbances at mother's home.  Mother and her husband were intoxicated and were fighting while the children were present.   Cincinnati police reported frequent contacts with the family.   HCJFS intervened with a family safety plan, placed the children with grandmother, and recommended intensive, outpatient substance-abuse treatment for mother.   The children were adjudged abused and dependent, and were placed in temporary custody of the HCJFS on April 11, 2014.

{¶3}   HCJFS devoted substantial resources to remediating the problems facing the children and their ability to return to the care of mother.   But mother failed to complete the court-ordered case-plan services, including therapy and substance-abuse treatment.

{¶4}   In early June 2016, HCJFS learned that some of the other eight grandchildren in grandmother's care had received significant physical injuries at the hands of her adult son.  Despite evidence of physical injuries inflicted on the other children, grandmother and her son denied harming the children.  The children reported being beaten by the son, and stated that they were afraid to return to grandmother's house.  HCJFS also learned of serious allegations of sexual conduct

inflicted upon some of the other 11 minor children in grandmother's care. HCJFS also learned that D.G. had raped one of his eight-year-old cousins while in grandmother's care. In response, HCJFS immediately removed D.G., H.D., and A.D. from grandmother's home.

{¶5} A diagnostic assessment of mother prepared in July 2016 by the Family Access to Integrated Recovery agency found that despite her earlier participation in treatment, mother remained in need of additional substance-abuse treatment. It recommended that mother engage in an outpatient substance-abuse treatment program and that she remain involved in a sobriety-maintenance program.

### HCJFS's Motion for Permanent Custody

{¶6} In light of grandmother's inability to protect the children from harm and the lack of progress that mother had made on her case plan, on July 11, 2016, HCJFS filed a motion for permanent custody of the children and permanent termination of mother's parental rights. Grandmother filed her own motion for legal custody of D.G., H.D., and A.D.

{¶7} An evidentiary hearing was held on the two motions in April 2017. The magistrate received testimony from the children's HCJFS case worker, a specialist from the Family Nurturing Center who had observed mother's interactions with the children during facilitated visitation, the most restrictive visitation level at the center, a character witness for mother, and from mother herself.

{¶8} The case worker testified regarding the serious nature of the abuse at grandmother's home, that grandmother refused to accept any responsibility for the abuse, and that grandmother was not able to protect the children. The case worker noted that D.G., the oldest of the children, expressed his wish not to return to his grandmother's care. The case worker testified that mother, as she acknowledged had not completed the 2016 substance-abuse treatment program because mother

3

believed that it was not necessary. Mother had also failed to appear for toxicology screenings in 2016 and April 2017. Despite mother's unsubstantiated contention that she was unable to make the screenings because of work commitments, the case worker testified that mother had failed to respond at all to his communications to appear for testing.

{¶9} The case worker also testified to HCJFS's inability to inspect the safety and suitability of mother's various dwellings as proposed homes for the children were she to regain custody. Mother refused to identify for the case worker which unit she sublet in an apartment complex. When mother was forced to leave the apartment because the tenant was evicted, she moved to a hotel where she resided at the time of the hearing.

{¶10} Mother testified that she no longer drank alcohol, that she did not feel it necessary to complete substance-abuse treatment as she had already had treatment in the past, and that the treatment interfered with her work schedule. She maintained that she had not been in contact with her husband for over two years, although the marriage had not been terminated by divorce, and that she had interacted well with the children during supervised visits. She also claimed to have leased an apartment for the family, but acknowledged that it was not yet ready for occupancy and was unable to specify when it would be ready.

{¶11} Grandmother did not appear at the hearing. Her counsel was present and argued that as grandmother had been found to be an appropriate custodian in the past and as HCJFS had returned one of her older grandchildren to her care, she was a proper custodian for the children. The children's guardian ad litem also participated in the hearings, and agreed with HCJFS that it was in the best interests of the children for them to be placed in the permanent custody of HCJFS.

{¶12} On November 28, 2016, the magistrate issued a detailed written decision granting HCJFS's motion for permanent custody and denying

4

grandmother's motion for legal custody of the children. It was undisputed that neither of the two fathers played any role in the lives of the children. The magistrate then found that clear and convincing evidence established that the children could not and should not be placed with mother within a reasonable time, and that their return to mother's home would be contrary to be their best interests and welfare. The magistrate noted that mother had failed to remedy the conditions that had prompted the children's removal from her home, and that her alcohol dependence made her unable to provide an adequate home for the children.

{¶13} The magistrate also found that the children had been in the temporary custody of HCJFS for 12 or more months of a consecutive 22-month period. When HCJFS moved for permanent custody, they had been in temporary custody over 27 consecutive months. In light of these findings, the magistrate determined that it was in the best interests of the children to grant HCJFS's motion for permanent custody. The magistrate also denied grandmother's motion for legal custody, noting her inability to protect the children from harm.

{¶14} Mother filed a one-paragraph objection to the magistrate's decision. Grandmother also filed an objection alleging that, in reaching his decision, the magistrate had improperly weighed the facts. At the objections hearing, the juvenile court entertained the arguments of counsel but heard no new evidence. After reviewing the record, including a transcript of the proceedings before the magistrate, the juvenile court overruled the objections, adopted the magistrate's decision, and entered judgment granting HCJFS's motion for permanent custody and denying grandmother's motion for legal custody. Both mother and grandmother appealed.

### Mother's Appeal of Permanent Custody

{¶15} In her sole assignment of error, mother challenges the weight and the sufficiency of the evidence adduced to support the juvenile court's decision to award permanent custody to HCJFS.

5

{¶16} Parents who are suitable persons have a paramount right to the custody of their minor children. *In re Perales*, 52 Ohio St.2d 89, 97, 369 N.E.2d 1047 (1977); *see In re Bailey*, 1st Dist. Hamilton No. C-040014, 2005-Ohio-3039, ¶ 13. But the fundamental interest of a parent "is not absolute." In a custody determination, "the best interest of the child controls." *In re D.A.*, 113 Ohio St.3d 88, 2007-Ohio-1105, 862 N.E.2d 829, ¶ 11.

{¶17} R.C. 2151.414 governs the procedures that apply when, as here, a children-services agency has moved for permanent custody under R.C. 2151.413. The version of R.C. 2151.414 in effect when HCJFS moved for permanent custody provided that before a juvenile court may terminate parental rights and place children in the permanent custody of a children-services agency, it must determine by clear and convincing evidence (1) that one or more of the conditions listed in R.C. 2151.414(B)(1) apply, and (2) that it is in the best interest of the children to grant permanent custody to the agency by considering the factors in R.C. 2151.414(D) and (E) with respect to each child. *See* former R.C. 2151.414; *see also In re A.B.*, 1st Dist. Hamilton Nos. C-150307 and C-150310, 2015-Ohio-3247, ¶ 13; *In re C.L.*, 1st Dist. Hamilton No. C-170169, 2017-Ohio-7184, ¶ 18.

{¶18} Here, we cannot say that the juvenile court clearly lost its way and created a manifest miscarriage of justice when evaluating the evidence. *See In re A.B.* at ¶ 16. Mother had admitted that she failed to complete the substance-abuse treatment specified in the 2016 diagnostic assessment, failed to submit to toxicology screenings, and failed to complete other parts of the case plan. Despite the efforts of a nurturing coach, mother had not been able to advance beyond the most restrictive level of supervised visitation with the children. And this record does not reflect that mother was able to provide stable housing for the children.

{¶19} While mother had taken some steps toward remedying the problems that had led to removal of the children, even substantial completion of a case plan

does not, in and of itself, require that children be reunified with a parent who has failed to remedy the conditions which led to removal in the first place. *See In re I.K.*, 1st Dist. Hamilton No. C-150667, 2016-Ohio-659, ¶ 14.

{¶20} After reviewing the record, we hold that the juvenile court's determinations are amply supported by the evidence. It is undisputed that the condition set forth in R.C. 2151.414(B)(1)(d) was met as the children had been in the temporary custody of HCJFS for 12 or more months of a consecutive 22-month period. While the court was not required to make the further finding that the children could not or should not be placed with either parent, it nonetheless did so. Since the fathers had not participated in reunification services and the record reflected mother's failure to remedy the conditions that had prompted the children's removal, the court's determination was amply supported by the record . *See* former R.C. 2151.414(B); *see also In re A.B.*, 1st Dist. Hamilton Nos. C-150307 and C-150310, 2015-Ohio-3247, at ¶ 30-31.

{¶21} We also conclude that the juvenile court did not lose its way in making a best-interests determination under former R.C. 2151.414(D) and (E). The magistrate and the juvenile court examined each factor as it related to the children. The children had been in agency care for nearly three years. Mother had not progressed beyond supervised visitation with them, had not remedied the chemical dependency issues that prompted the children's removal, and had not demonstrated an ability to provide the children with long-term stability. The guardian ad litem urged an award of permanent custody to HCJFS. Despite grandmother's motion for legal custody of the children, the finding that grandmother could not protect the children from abuse supported the conclusion that there were no other relatives suitable to care for the children. *See* former R.C. 2151.414(D)(2)(d).

{¶22} Based on this record, the juvenile court's determination that it was in the children's best interest to terminate mother's parental rights so as to facilitate a

7

secure and stable placement was amply supported by clear and convincing evidence and was not against the weight of the evidence. *See In re A.B.* at ¶ 28.

{¶23} Moreover, the record reflects substantial, credible evidence on the elements of HCJFS's motion for permanent custody. Therefore, the juvenile court could have reasonably concluded that HCJFS had carried its burden and the award of custody to HCJFS was supported by sufficient evidence. *See id.* at ¶ 14-15. Mother's assignment of error is overruled.

### Grandmother's Motion for Legal Custody

{¶24} In her single assignment of error, grandmother maintains that the juvenile court erred in denying her motion for legal custody. The gravamen of her argument on appeal is that once mother's custody rights had been permanently terminated, the court should have granted legal custody of the children to her.

{¶25} After a child is adjudicated abused, neglected, or dependent, the trial court may award legal custody of the child to "any other person," who, like grandmother here, has filed a motion requesting legal custody of the child. *See* former R.C. 2151.353(A); *see also* former R.C. 2151.414(D)(2)(d). When determining to whom legal custody should be awarded, the juvenile court should base its determination on the best interest of the child. The factors found in R.C. 2151.414 are a useful framework for the court's best-interest determination. *See In re A.C.*, 1st Dist. Hamilton No. C-140273, 2015-Ohio-153, ¶ 5-6. We will not reverse the juvenile court's award of custody absent an abuse of its broad discretion. *See id.* at ¶ 6. An abuse of discretion is more than an error of law or judgment; it is a decision that is unreasonable, arbitrary, or unconscionable. *See id.*; *see also In re D.M.*, 1st Dist. Hamilton No. C-140648, 2015-Ohio-3853, ¶ 11.

{¶26} Here, grandmother argued that because she had played a significant role in the children's lives, and because HCJFS had returned one of 11 of her grandchildren to her care, she was a suitable custodian for the children. But in their

analysis of the best-interest factors, the magistrate and the juvenile court found that grandmother's home was not a viable placement option for the children. Grandmother continued to deny the substantial medical and testimonial evidence that physical and sexual abuse had taken place in her home. In earlier testimony before the magistrate, she admitted that she had no safety plan in place to prevent subsequent abuse if the children were to be returned to her care.

{¶27} In light of these facts, we cannot say that the juvenile court abused its discretion in reaching its well-supported decision denying grandmother's motion seeking legal custody. *See In re A.C.* at ¶ 6. Grandmother's assignment of error is overruled.

{¶28} Therefore, the judgment of the juvenile court is affirmed.

Judgment affirmed.

**MOCK, P.J.,** and **MILLER, J.,** concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.