[Cite as *In re L.L.*, 2020-Ohio-5609.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE:  L.L.

:

:

:

APPEAL NO. C-200058
TRIAL NO.   F19-055z

*O P I N I O N.*

Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  December 9, 2020

*Stagnaro Hannigan Koop, Co., LPA,* and *Michaela M. Stagnaro,* for Appellant Mother,

*The Law Office of Kim Bui* and *Kim Bui,* for Appellee Father.

**ZAYAS, Judge.**

{¶1} Appellant mother appeals the decision of the Hamilton County Juvenile Court granting legal custody of her daughter L.L. to father, contending that the juvenile court abused its discretion in determining that it was in the best interest of L.L. for father to be her legal custodian. For the reasons discussed below, we conclude that the court did not abuse its discretion in making its determination, and we affirm the judgment of the trial court.

### *Factual Background*

{¶2} Mother and father are the parents of L.L., born September 12, 2018. On January 15, 2019, father filed a petition for legal custody of the child. In his petition, he alleged that "mother does not allow father to have regular visitation with child and does not communicate with father directly." Father further stated that he was not permitted to have unsupervised visits with the child or see her on holidays.

{¶3} At an initial pretrial hearing, mother agreed to allow father two hours of supervised visitation on Tuesday and Thursday at either mother's or maternal grandmother's homes as an interim order. The matter was continued for mediation, which was ultimately unsuccessful. Three months later, father filed a motion for contempt alleging that mother denied him his visitation on May 3, 2019, and that mother limited his visitation to three minutes on April 30, 2019.

{¶4} A hearing was held on father's petition for legal custody on October 10, 2019. At this time, the child was 13 months old. Both parents requested legal custody of the child. On November 4, 2019, the magistrate issued her decision

granting father legal custody and granting him parenting time from Monday at 7:00 p.m. until Friday at 7:00 p.m. every week.

{¶5}    The undisputed facts establish that when father received the decision a week later, he repeatedly called mother and left several messages to make arrangements to pick up L.L.  Mother did not respond.  That evening, he went to mother's home to retrieve the child.  Maternal grandmother answered the door, took the magistrate's decision, and closed the door.  Mother refused to allow father to see the child or pick up the child. Father called the police, and an officer responded and explained that mother was required to give father the child.  Mother was crying, so grandmother suggested that the child remain with mother until the next day.  Father obliged, and picked up the child the following day.

{¶6}    Two days later, father was informed by his attorney that mother had filed objections, resulting in an automatic stay of the magistrate's decision.  That day, mother retrieved the child from father and refused to allow him any unsupervised visits with the child.  Mother did allow him to have supervised visitation for four hours each week.

{¶7}    The juvenile court overruled mother's objections and adopted the magistrate's decision.  Mother now appeals the juvenile court's decision and raises one assignment of error, challenging the court's best-interest findings.

### The Court Did Not Abuse its Discretion

{¶8}    A court's determination of legal custody must be based on the best interest of the child.  *See In re Allah*, 1st Dist. Hamilton No. C-040239, 2005-Ohio-1182, ¶ 10.  Under the best-interest test, no single factor is controlling, and the weight

3

to be given to any factor lies within the trial court's discretion. *See In re M., R., & H. Children*, 1st Dist. Hamilton No. C-170008, 2017-Ohio-1431, ¶ 34.

{¶9} We review the trial court's determination under an abuse-of-discretion standard. *In re Patterson*, 1st Dist. Hamilton No. C-090311, 2010-Ohio-766, ¶ 15. A deferential review is appropriate because much may be evident in the parties' demeanor and attitude that does not translate well to the record. *See Davis v. Flickinger*, 77 Ohio St.3d 415, 419, 674 N.E.2d 1159 (1997). Therefore, we must not substitute our judgment for that of the trial court. *Id.* at 418. We will not reverse a trial court's judgment that is supported by competent, credible evidence. *Bechtol v. Bechtol*, 49 Ohio St.3d 21, 23, 550 N.E.2d 178 (1990).

{¶10} Here, the juvenile court reviewed and properly applied the best-interest factors under R.C. 3109.04. The court found, and the record established, that both parents sought full custody, the child was too young to interview, both parents have loving relationships with the child, and neither parent had any physical or mental-health issues. Although the child is well-adjusted in mother's home, mother refused to permit father to have any parenting time at his home except for ten hours when father was working with a parent educator.

{¶11} The court determined that father is more likely to honor parenting time. Prior to the custody order, mother was only allowing a few hours of supervised time per week and was very critical of father. After the magistrate's decision was entered, mother initially refused to allow father to take custody of the child, despite the court order. Father relented and allowed mother to have one more night with the child, and only then did mother allow father to take custody.

{¶12} The record supports the court's finding that father is the parent more likely to honor and facilitate court-approved parenting time rights and visitation. Mother was only allowing father four hours of supervised visitation, and during those visits, mother was very critical of father. After the temporary custody order was issued, mother ended father's visitation after a few minutes and deprived him of a second visit. When father was awarded legal custody of the child, mother refused to allow him to pick up the child. The decision to award custody to father is well supported by the record. *See In re D.M.*, 1st Dist. Hamilton No. C-140648, 2015-Ohio-3853, ¶ 12; *In re V.B.*, 1st Dist. Hamilton No. C-170063, 2018-Ohio-2375, ¶ 13.

### *Conclusion*

{¶13} We overrule the sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**Mock, P.J.,** and **BERGERON, J.,** concur.

Please note:
   The court has recorded its own entry on the date of the release of this opinion.