[Cite as *In re C.R.*, 2021-Ohio-2640.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

IN RE:

    C.R.,

**CASE NO. 13-20-21**

DEPENDENT CHILD.

[K.W. - APPELLANT]

**O P I N I O N**

Appeal from Seneca County Common Pleas Court
Juvenile Division
Trial Court No. 21950072

**Judgment Affirmed**

**Date of Decision:  August 2, 2021**

**APPEARANCES:**

    *Derek R. Dailey* **for Appellant**

    *Rebecca J. Schreiner* **for Appellee**

**MILLER, J.**

{¶1} Appellant, Kimberly W., appeals the October 21, 2020 judgment of the Seneca County Common Pleas Court, Juvenile Division, granting legal custody of C.R. to Anneliese H. For the reasons that follow, we affirm.

*Facts and Procedural History*

{¶2} Kimberly W. and James R. are the biological parents of C.R., born September 2019.[1] On October 9, 2019, the Seneca County Department of Job and Family Services ("SCDJFS") filed a complaint alleging C.R. was a neglected and dependent child and requesting the trial court place C.R. in the temporary custody of Anneliese under the protective supervision of SCDJFS. In its complaint, SCDJFS alleged Kimberly and James were not properly caring for the child after her birth and were exhibiting risky behaviors, including indications of recent or current drug use. That same day, SCDJFS filed a motion for ex parte temporary orders placing C.R. in the temporary custody of Anneliese under the protective supervision of SCDJFS, which the trial court granted.

{¶3} On October 10, 2019, the trial court held a probable cause hearing. Upon the agreement of the parties, the trial court issued temporary orders maintaining C.R. in the temporary custody of Anneliese under the protective supervision of SCDJFS. The parties also agreed Kimberly and James would enjoy

---

[1] Although James is a party to the proceeding, the record does not indicate that he filed a notice of appeal. Accordingly, our review focuses primarily on the trial court's findings as they relate to Kimberly.

supervised visits with C.R. as directed by SCDJFS and the guardian ad litem ("GAL").

{¶4} On November 5, 2019, SCDJFS filed its first case plan, which was approved by the trial court on November 12, 2019. The case plan required Kimberly, in part, to complete drug and alcohol and mental health assessments, participate in counseling to address drug abuse and domestic violence concerns, and obtain and maintain employment and suitable housing. The case plan also required Kimberly to sign releases of information and submit to random drug tests conducted by SCDJFS.

{¶5} An adjudication hearing was scheduled for November 6, 2019; however, Kimberly and James did not appear for the hearing. At the request of their attorneys, the hearing was continued to allow Kimberly and James to attend. On January 6, 2020, the trial court held a combined adjudication and disposition hearing. At the hearing, Kimberly and James admitted that C.R. was a dependent child pursuant to R.C. 2151.04(C), and the trial court found C.R. was a dependent child pursuant to that admission. At disposition, all parties agreed C.R. should continue in the temporary custody of Anneliese under the protective supervision of SCDJFS. The parties further recommended that Kimberly and James continue to exercise supervised visitation as directed by SCDJFS and the GAL. Upon the motion of SCDJFS, and without objection, the allegations in the complaint alleging

that C.R. was a neglected child were dismissed by the trial court without prejudice. On January 23, 2020, the trial court filed its judgment entry of agreed adjudication and disposition.

{¶6} SCDJFS conducted a semi-annual review on April 6, 2020. In the semi-annual review, SCDJFS noted that Kimberly was making insufficient progress on her case plan. Specifically, Kimberly was continuing to test positive for drugs and was not exercising regular visitation with C.R. As a result of the parents' poor progress on the case plan, SCDJFS indicated it intended to pursue legal custody of C.R. to Anneliese. On June 16, 2020, SCDJFS filed a motion requesting an order modifying the disposition by placing C.R. in the legal custody of Anneliese.

{¶7} After a continuance due to the growing COVID-19 public health crisis, the trial court scheduled the review hearing for August 13, 2020. The trial court also scheduled SCDJFS's motion for legal custody for a hearing at the same time.

{¶8} At the August 13, 2020 hearing, Kimberly and James requested a continuance due to James reporting to be ill. The trial court granted their request and rescheduled the review hearing and the hearing on SCDJFS's motion for October 7, 2020. SCDJFS filed another semi-annual review on October 5, 2020, in which it noted that Kimberly had again made insufficient progress toward the case plan.

{¶9} On October 7, 2020, the trial court conducted a full evidentiary review hearing and a hearing on SCDJFS's motion for legal custody. In a judgment entry filed on October 21, 2020, the trial court granted SCDJFS's motion for legal custody. The trial court ordered C.R. be placed in the legal custody of Anneliese and that Kimberly and James continue to have supervised visitation with C.R.

{¶10} On November 20, 2020, Kimberly filed her notice of appeal. She raises one assignment of error.

### Assignment of Error

**The trial court erred and abused its discretion in denying Mother's oral motion for a continuance due to the COVID-19 Pandemic.**

{¶11} In her assignment of error, Kimberly contends the trial court erred and abused its discretion by denying her motion for a continuance of the October 7, 2020 hearing on SCDJFS's motion for legal custody. Specifically, Kimberly argues that at time of her request for a continuance, she was trying to further her treatment and had recently made some progress toward her case plan, including procuring stable housing. Kimberly contends that "[b]ut for the COVID-19 Pandemic and the hardships that arose because of it, [she] would have been successful" in furthering her treatment.

{¶12} As an initial matter, we note that even though Kimberly argues in her assignment of error and throughout her brief in support that the trial court denied

her request for a *continuance*, the record reflects that Kimberly's trial counsel

requested an *extension* of the temporary custody orders. At the beginning of the

October 7, 2020 hearing, the parties engaged in the following exchange:

[Kimberly's trial counsel]: My client would like an extension, Your Honor, and the reason being because of COVID. When the case started, COVID was not in effect, but then as the case proceeded up through March was when COVID, obviously, took over. In March until about June was a gap that she was not eligible or able to fully engage in what she needed to do to try to accomplish the objectives of the case plan. And she admits that she tested positive [for drugs] last time she was in court here, and a lot of it was because she felt like she wasn't in the spot where she was going to be able to get her child back. But since that period of time, she's actively involved in services, she's told me, and that she would like to have one more extension for 90 days[2] to try to show the Court that she's clean and sober and that she deserves to get her child back. Is that correct?

[Kimberly]: Yes.

[Kimberly's trial counsel]: Okay.

[Trial Court]: Response from the Department today?

[Counsel for SCDJFS]: Yes, Your Honor. Today is our annual review, so for the Court to extend our temporary custody orders for an additional six months, there would need to be substantial progress on the case plan. We would object to any such finding as since, even since our last hearing

---

[2] We note that, during the proceedings, there was a consistent discrepancy between the parties when referencing the amount of additional time Kimberly requested. Although Kimberly's attorney requested an "extension for 90 days," the trial court and counsel for SCDJFS referred to the amount of time requested as six months. (Oct. 7, 2020 Tr. at 6-9); (Doc. No. 33). Although this Court is aware of the discrepancy, it is not relevant to our legal analysis and will not be further addressed.

in August, mom and dad have not made additional progress on the case plan. They're claiming that they've been involved in services, but we've been unable to verify that due to their failure to meet with the caseworker to sign releases.

As for the argument about COVID, services through Firelands and Rigel have been available through COVID. Mom and dad have been referred to that multiple times. In fact, at our last hearing, they were both given information as to resources for inpatient and outpatient services, and they've not taken advantage of those.

So we would ask that the request for an extension be denied and that we go forward today.

\* \* \*

[Trial Court]: Okay. Well, the Court does not find the request to be well taken. The Court notes it's been almost a year since we started. Court's inclined to allow [SCDJFS] to proceed with their Motion for Legal Custody. And if the Court, in the process of getting evidence, determines that that motion isn't well taken then, in essence, you get your extension. The Court will extend this case if the Court doesn't find the Motion for Legal Custody to be well taken. I think I'll be in a better position after hearing all the evidence as far as what's going on maybe to reconsider that. But as of right now, based upon the information properly before me, \* \* \* the Court does not find the request to be well taken. The Court denies the request at this time for an extension.

(Oct. 7, 2020 Tr. at 6-9).

{¶13} Further, when Kimberly testified on the witness stand, her trial counsel inquired why she thought she "deserve[d] an extension." (Oct. 7, 2020 Tr. at 74).

-7-

In fact, at the hearing, none of the parties used the term "continuance" to describe the relief Kimberly requested.[3] Moreover, the trial court's judgment entry filed on October 21, 2020 reflects that Kimberly "made an oral Motion for a six-month extension to continue to work the Case Plan." Accordingly, the record indicates that, despite the references in her assignment of error and throughout her appellate brief for a motion for a *continuance*, Kimberly actually requested an *extension* of the temporary orders. Nevertheless, we dispose of the assignment of error by reviewing the criteria for both a continuance and an extension.

{¶14} A temporary custody order terminates one year after the date the child entered shelter care unless a motion is filed to extend temporary custody. R.C. 2151.353(G). "Although the case can be extended for an additional time, there is no requirement that the extension must occur and the determination as to whether the extension * * * is in the best interest of the child is left to the trial court's discretion." *In re J.C.*, 3d Dist. Henry No. 7-20-10, 2021-Ohio-1453, ¶ 18. R.C. 2151.415 addresses the extension of temporary custody orders once an annual review is reached in a children's services proceeding. Pursuant to R.C. 2151.415, the trial court may grant an extension of up to six months if it determines "the extension is in the best interest of the child, there has been significant progress on the case plan of the child, and there is reasonable cause to believe that the child will

---

[3] James's trial counsel also requested an "extension" of the temporary orders on James's behalf, which the trial court denied. (Oct. 7, 2020 Tr. at 8-9).

be reunified with one of the parents or otherwise permanently placed within the period of extension." R.C. 2151.415(D)(1). The determination regarding whether an extension of a temporary custody order is in the best interest of the child is left to the trial court's discretion. *In re C.K.*, 5th Dist. Muskingum No. CT2020-0027, 2020-Ohio-5437, ¶ 21. Accordingly, a trial court's decision will only be reversed if it is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "An abuse of discretion exists if the court's decision regarding the child's best interests is not supported by competent, credible evidence." *In re D.M.*, 1st Dist. Hamilton No. C-140648, 2015-Ohio-3853, ¶ 11.

{¶15} However, even if we frame the arguments in Kimberly's appellate brief in terms of the trial court's denial of her request for an extension, rather than a request for a continuance, we conclude that the trial court did not err by denying her request. Initially, we note that in denying Kimberly's motion, the trial court reserved the right to reconsider the motion at the conclusion of the hearing if, upon reviewing the evidence introduced at the hearing, it determined an extension of the temporary custody order was proper.

{¶16} However, the evidence introduced at the hearing on SCDJFS's motion for legal custody indicates that Kimberly had not made significant progress on her case plan. Specifically, Kimberly's case plan required her to complete drug and alcohol and mental health assessments, participate in counseling to address both

drug abuse and domestic violence concerns, and obtain and maintain employment as well as suitable housing. Kimberly was also required to sign releases of information and submit to random drug tests conducted by SCDJFS. With respect to drug and alcohol treatments, Kimberly argued at the hearing that she was unable to make progress on her case plan due to drug-treatment programs and services being unavailable due to the COVID-19 health crisis. Yet, the caseworker testified the local drug treatment and counseling programs continued to provide services throughout the pandemic. Additionally, the caseworker testified that she attempted to assist Kimberly in gaining admission to a rehabilitation facility, but Kimberly refused treatment. Kimberly testified that despite the apparent lack of drug-treatment resources available to her during the pandemic, she stopped using drugs without the assistance of a program. However, throughout the pendency of the case, Kimberly provided numerous drug screens which were positive for illegal drugs, including a drug test taken on the day intended to be the final hearing in August, until it was continued due to James reporting to be sick. Kimberly admitted she had since relapsed and, at the time of the hearing, she had only abstained from drug use for several days.

{¶17} The testimony adduced at the hearing also indicated that Kimberly failed to engage in mental health counseling, including domestic violence counseling. Further, although Kimberly had housing that the caseworker would

consider "stable," the caseworker opted not to review the inside of the residence due to James's presence at the residence during the visit and the history of domestic violence between the parties. Kimberly was also unemployed at the time of the final hearing. Finally, Kimberly failed to sign releases to allow the caseworker access to her treatment records. Accordingly, the evidence indicates that Kimberly was not making significant progress on her case plan.

{¶18} Next, there was no reasonable cause to believe that C.R. would be reunited with one of her parents in the time period of the extension. As detailed, Kimberly had failed to make progress on her case plan. At the time of the hearing, she had used illegal drugs within the previous several days and was not actively engaged in drug treatment services. Furthermore, at the time of the hearing, the case plan had been in place for nearly a year, yet Kimberly had consistently failed to advance in her case plan goals. Additionally, at the time of the final hearing, Kimberly was not exercising consistent visitation with C.R. Given the lack of progress on the case plan in the previous year, and Kimberly's continued drug use and lack of initiative to engage in drug and mental health treatment, it was not likely that C.R. would be reunited with Kimberly in the time period of the extension. Further, the evidence introduced at trial indicated James was also not making progress on his case plan and likewise would not be reunited with C.R. in the time period of the extension.

{¶19} Finally, Kimberly did not make an argument to the trial court that an extension of the temporary custody orders would be in C.R.'s best interest and our review of the record does not indicate that an extension of the temporary custody orders would be in C.R.'s best interest. Rather, the caseworker testified that she believed it would be in C.R.'s best interest for the trial court to grant Anneliese legal custody of C.R. Further, the GAL assigned to the case recommended that the trial court grant legal custody to Anneliese. Accordingly, we do not find the trial court abused its discretion in denying Kimberly's motion for an extension of the temporary orders.

{¶20} Although the record indicates that Kimberly requested the trial court grant an extension of the temporary orders, Kimberly's assignment of error and supporting arguments frame her request as a motion for a continuance. However, even if we construe Kimberly's motion as a request for a continuance, the request was properly denied.

{¶21} "'Continuances shall be granted only when imperative to secure fair treatment for the parties.'" *In re Distafano*, 3d Dist. Seneca No. 13-06-14, 2006-Ohio-4430, ¶ 11, quoting Juv.R. 23. "'A decision by the trial court to deny a motion for continuance is within the sound discretion of the trial court and should not be reversed absent a showing of abuse of that discretion.'" *Id.*, quoting *In re Miller*, 3d Dist. Auglaize No. 2-04-02, 2004-Ohio-3023, ¶ 7.

{¶22} In considering a motion for a continuance, a court should consider (1) the length of the delay requested; (2) whether other continuances have been requested and granted; (3) any inconvenience to parties, witnesses, opposing counsel, and the court; (4) whether the requested delay is for a legitimate purpose or is instead dilatory, purposeful, or contrived; (5) whether the defendant contributed to the situation that gives rise to the motion for a continuance; and (6) other relevant factors, depending on the unique facts of a case. *State v. Unger*, 67 Ohio St.2d 65, 67-68 (1981).

{¶23} At the hearing, Kimberly did not make any argument specific to whether a continuance should be granted or make any reference to the *Unger* factors. However, if Kimberly's oral motion is treated as a request for a continuance, the trial court did not abuse its discretion by denying it. Kimberly requested and was granted two previous continuances, one on November 6, 2019, and the other on August 13, 2020. (Doc. Nos. 16, 31). Further, granting the motion would have caused inconvenience to the parties, witnesses, opposing counsel, and the trial court. Specifically, Kimberly made her oral motion at the beginning of the hearing, at which time witnesses, opposing counsel, and the trial court were present and prepared to proceed and would have been inconvenienced by rescheduling the matter for a later date. Additionally, Kimberly contributed to the situation giving rise to her request for a continuance. Although Kimberly framed her request as

seeking more time as a result of the COVID-19 health crises and the perceived obstacles it created, the testimony at the hearing established that local drug recovery and mental health resources were offering services throughout the pandemic. Further, the case plan was established prior to the COVID-19 pandemic, yet Kimberly failed to work toward her case plan goals at that time. Accordingly, Kimberly's lack of diligence in working on her case plan was a contributing factor in her request for a continuance. Accordingly, we do not find that the trial court abused its discretion by denying her motion for a continuance.

{¶24} Finally, at the end of her appellate brief, Kimberly summarily states that the trial court "further abused its discretion by awarding legal custody of [C.R.] to [Anneliese]." (Appellant's Brief at 11). However, Kimberly offers no support for this statement. "App.R. 12(A)(2) provides that an appellate court 'may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A).'" *State v. Jackson*, 10th Dist. Franklin No. 14AP-670, 2015-Ohio-3322, ¶ 11, quoting App.R. 12(A)(2). "Additionally, App.R. 16(A)(7) requires that an appellant's brief include '[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on

-14-

which appellant relies.'" *Id.*, quoting App.R. 16(A)(7). Here, not only did Kimberly fail to include an argument regarding how the trial court abused its discretion by awarding legal custody of C.R. to Anneliese, she also failed to provide citations to the authorities, statutes, and parts of the record that support her argument. Thus, we need not address her argument that the trial court abused its discretion by awarding legal custody of C.R. to Anneliese.

{¶25} Consequently, Kimberly's assignment of error is overruled.

{¶26} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Seneca County Common Pleas Court, Juvenile Division.

*Judgment Affirmed*

**ZIMMERMAN and SHAW, J.J., concur.**

**/jlr**