[Cite as *Collier v. Smith*, 2023-Ohio-1553.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| SHARETHA COLLIER, | : | APPEAL NO. C-210662<br>TRIAL NO. F18-1207X |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| CALIPH SMITH, | : | |
| Defendant-Appellee. | : | |

Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: May 10, 2023

*Frost Brown Todd LLC* and *Nathaniel L. Truitt*, for Plaintiff-Appellant,

*Marcus E. Coleman*, for Defendant-Appellee.

**ZAYAS, Presiding Judge.**

{¶1} Sharetha Collier appeals from the decision of the Hamilton County Juvenile Court, awarding custody of the children to father. For the following reasons, we affirm.

**Factual Background[1]**

{¶2} This case involves a dispute between Sharetha Collier ("mother") and Caliph Smith ("father") over the custody of two minor children, ages 14 and 16. In June 2019, mother was awarded custody of the children, and father was granted parenting time. In September 2020, father filed a petition for custody of the children. The magistrate held a trial on the motion in March 2021.

{¶3} During the trial, father testified that mother denied him visitation from June 2019 until March 2020 when she brought the children to his home while he was at work. Mother never returned for the children and did not contact father until August 2020, when she demanded that father return the children to her. Father attempted to return the children on several occasions, but mother did not appear. Mother made no attempts to support or visit the children while they lived with father. At the time of the trial, the children had lived with father for a year. Father testified that he would facilitate visitation with mother and abide by court orders.

{¶4} With respect to the children's education, father testified that he was unable to enroll them in school because mother told the school he had no right to do so. The children were allowed to finish their schooling remotely. Mother testified that the children faced disciplinary issues at school. Since living with father, their grades had suffered.

---

[1] All of the facts are taken from the juvenile court's entry adopting the magistrate's decision because mother did not file a transcript of the proceedings in the juvenile court.

{¶5} Mother stated that she left the children with father because they misbehaved while she was at work. She expressed frustration with the children and acknowledged that the children wish to live with father.

{¶6} During an in camera interview with the children, they expressed a "strong desire" to live with father and have parenting time with mother.

{¶7} The magistrate found a change in circumstances and determined that it was in the best interest of the children to designate father the legal custodian. Mother timely objected to the magistrate's decision arguing that the decision was not in the best interest of the children. However, mother did not file a transcript of the proceedings. The court overruled mother's objection and adopted the magistrate's decision.

{¶8} Mother timely appealed, and in one assignment of error, contends that the trial court erred by granting father's motion to modify custody. Specifically, she argues that the trial court erred in finding a change in circumstances and abused its discretion in determining that a change of custody was in the children's best interest.

## Standard of Review

{¶9} Because mother did not file transcripts for the juvenile court to review, the court accepted the magistrate's factual findings and determined that the magistrate appropriately applied the law. *See* Civ.R. 53(D)(4)(d). "This court's review of the trial court's decision is limited to whether the trial court's application of the law to its factual findings constituted an abuse of discretion." *Hammond v. Hammond*, 1st Dist. Hamilton No. C-180292, 2019-Ohio-1219, ¶ 14.

## Change in Circumstances

{¶10} Mother argues that the juvenile court erred in determining that father demonstrated a change in circumstances, alleging that the finding was based solely on the fact that she had left the children with father for several months. We first note that mother

3

did not file an objection in the juvenile court challenging the change-in-circumstances determination. When a party has failed to file an objection to a magistrate's decision, we review the trial court's decision for plain error. *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997). Plain error is not favored and is only applicable in rare cases where the error "seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Id.* at syllabus.

{¶11} Father's motion to modify custody was governed by R.C. 3109.04(E)(1)(a), which provides in relevant part that the trial court shall not modify a prior custody determination unless it finds

> based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, [or] the child's residential parent, * * * and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
>
> * * *
>
> (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

{¶12} Here, the court determined that father had established a change in circumstances because mother left the children with father in March 2020 where they remained for over a year, and the harm likely to be caused by a change in environment was outweighed by the advantages of the change of environment to the children. The

4

court further found that both children wished to live with father, and mother alternated "between engagement with the children and frustration and withdrawal."

{¶13}   The record established that mother denied father his parenting time for eight months until unexpectedly ceding custody to father without contacting the children or providing support to them.  When mother demanded that father return the children, he made several attempts, but mother did not appear for the exchange.  The change in residences is a factor the court may consider.  *See, e.g., Furbee v. Bittner*, 11th Dist. Lake Nos. 2014-L-077, 2014-L-080, 2014-L-091, 2014-L-106 and 2014-L-107, 2015-Ohio-4425, ¶ 45-46; *M.J. v. S.J.*, 10th Dist. Franklin No. 15AP-249, 2015-Ohio-3782, ¶ 5.

{¶14}   Moreover, as previously discussed, the court made additional findings to support a change in circumstances.  "A change of circumstances can be upheld based on a collection of findings as to how the lives of the residential parent and the child have changed since the prior decree." *Gibson v. Gibson*, 7th Dist. Columbiana No. 17 CO 0034, 2018-Ohio-2772, ¶ 42.  Accordingly, the trial court reasonably concluded that the evidence was sufficient to establish a change of circumstances, and we cannot find plain error in the court's determination.

## Best Interest of the Children

{¶15}   Next, mother contends that the change in custody was not in the children's best interest because the court improperly gave too much weight to the children's wishes. A court's determination of legal custody must be based on the best interest of the child. *See In re Allah*, 1st Dist. Hamilton No. C-040239, 2005-Ohio-1182, ¶ 10.  "Under the best-interest test, no single factor is controlling, and the weight to be given to any factor lies within the trial court's discretion." *In re L.L.*, 1st Dist. Hamilton No. C-200058, 2020-Ohio-5609, ¶ 8.

{¶16} R.C. 3109.04(F)(1) sets forth a nonexhaustive list of factors that a court may consider in determining the best interest of a child; but, pursuant to R.C. 3109.04, the court shall consider "all relevant factors." Here, the trial court considered the following factors found in R.C. 3109.04(F):

(a) The wishes of the parents regarding the child's care;

(b) The child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child;

(d) The child's adjustment to the child's home, school, and community;

(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;

(i) Whether the residential parent has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court.

{¶17} The juvenile court found that both parents sought custody, the children expressed a "strong desire" to live with father, father repeatedly attempted to work with mother, but mother did not demonstrate that same willingness, and mother denied father his parenting time for a significant period of time. The court found the children's adjustment to school to be a factor that weighed in mother's favor. The findings were supported by competent, credible evidence. As it is the role of the trial court to determine the relative weight to assign each factor, we hold that trial court did not abuse its discretion in weighing the factors or awarding legal custody to father.

## Conclusion

{¶18} We overrule the assignment of error, and affirm the judgment of the trial court.

Judgment affirmed.

6

**BOCK** and **KINSLEY, JJ.,** concur.

Please note:

The court has recorded its own entry this date.

