[Cite as *In re N.B.*, 2022-Ohio-3891.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN RE:  N.B. & N.B.-M. | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | |
| | : | Case Nos.  22 COA 19 |
| | : | 22 COA 25 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:            Appeal from the Court of Common
                                    Pleas, Juvenile Division, Case Nos.
                                    2018 3016 & 2018 3017

JUDGMENT:                           Affirmed

DATE OF JUDGMENT:                   October 31, 2022

APPEARANCES:

For Appellant-Mother                For Appellee-ACDJFS

DARIN AVERY                         BETH A. LIGGETT
105 Sturges Avenue                  110 Cottage Street
Mansfield, OH  44903                Ashland, OH  44805

Guardian ad Litem

EMILY BATES
128 Church Street
Ashland, OH  44805

*Wise, Earle, P.J.*

{¶ 1}   Appellant-Mother, N.H.-B., appeals the May 9, 2022 judgment entries of the Court of Common Pleas of Ashland County, Ohio, Juvenile Division, granting legal custody of her two children to S.H. and N.H.  Appellee is Ashland County Department of Job and Family Services.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   This case involves two children, N.B. born in October 2008 and N.B.-M. born in January 2014.  Mother of the children is appellant herein; father of N.B. is M.B. and father of N.B.-M. is L.M.  On March 23, 2018, appellee filed complaints alleging N.B. to be a dependent child and N.B.-M. to be a neglected and dependent child.  The children were removed from appellant's care and placed with their maternal aunt and uncle, S.H. and N.H.

{¶ 3}   An adjudicatory hearing was held on May 22, 2018.  By judgment entry filed June 11, 2018, the trial court found N.B. to be dependent and N.B.-M. to be neglected and dependent.  A dispositional hearing was held on June 13, 2018.  By judgment entry filed June 25, 2018, the trial court granted temporary custody of the children to appellee. The children remained in the care of their maternal aunt and uncle.

{¶ 4}   Annual review hearings before a magistrate were held on November 12, 2019, and January 3, 2020.  By decision filed January 9, 2020, the magistrate found when N.B.-M. was removed from the home, the child was four years old, but looked like an infant. "He could not walk unaided and he was being fed infant formula and baby food by his mother." *Id.* at 2.  He was diagnosed with failure to thrive with multiple developmental delays. *Id.*  Although appellant stated the child had been seen by medical providers within the preceding six months, "those statements were ultimately proven to be untrue." *Id.*

The child had not received any medical care since between three and six months of age. *Id.* N.B. "was very short for his chronological age. He was below the 1st percentile for height." *Id.* at 4. A pediatric endocrinologist ruled out numerous causes and diagnosed N.B.'s failure to grow at a normal rate was due to psychological stress. *Id.* at 5. Appellee's temporary custody was extended.

{¶ 5} On March 20, 2020, appellee filed a motion to modify custody, seeking legal custody to the maternal aunt and uncle. Hearings before a magistrate were held on August 23, and November 1, 2021. By decision filed January 5, 2022, the magistrate recommended legal custody to the maternal aunt and uncle. Appellant filed objections. By judgment entry filed May 9, 2022, the trial court overruled the objections and approved and adopted the magistrate's decision.

{¶ 6} Appellant filed appeals and this matter is now before this court for consideration. The assignments of error in each appeal are identical and are as follows:

I

{¶ 7} "THE COURT ERRED IN REVIEWING THE MAGISTRATE'S DECISION FOR AN ABUSE OF DISCRETION."

II

{¶ 8} "THE COURT ERRED IN FINDING THAT REUNIFICATION DID NOT SERVE THE CHILD'S BEST INTEREST."

I

{¶ 9} In her first assignment of error, appellant claims the trial court erred in reviewing the magistrate's decision for an abuse of discretion.

{¶ 10} Appellant timely objected to the magistrate's decision. Pursuant to Juv.R. 40(D)(4)(d), in ruling on objections, a trial court "shall undertake an independent review

as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law."

{¶ 11} *In re D.T.,* 8th Dist. Cuyahoga Nos. 100970 and 100971, 2014-Ohio-4818, ¶ 19, our colleagues from the Eighth District explained the following:

> Legal custody is significantly different than the termination of parental rights in that, despite losing legal custody of a child, the parent of the child retains residual parental rights, privileges, and responsibilities. *In re G.M.,* 8th Dist. Cuyahoga No. 95410, 2011-Ohio-4090, ¶ 14, citing R.C. 2151.353(A)(3)(c). In such a case, a parent's right to regain custody is not permanently foreclosed. *In re M.J.M.* [8th Dist. Cuyahoga No. 94130, 2010-Ohio-1674] at ¶ 12. For this reason, the standard the trial court uses in making its determination is the less restrictive "preponderance of the evidence." *Id.* at ¶ 9, citing *In re Nice,* 141 Ohio App.3d 445, 455, 751 N.E.2d 552 (7th Dist.2001). "Preponderance of the evidence" means evidence that is more probable, more persuasive, or of greater probative value. *In re C.V.M.,* 8th Dist. Cuyahoga No. 98340, 2012-Ohio-5514, ¶ 7.

{¶ 12} In its May 9, 2022 judgment entry overruling appellant's objections at 3, the trial court stated: "The Court has reviewed the record and finds that the Magistrate's Decision is supported by a preponderance of the evidence and that the Magistrate did not abuse her discretion in concluding that a grant of the motion is in the best interests of the children."

{¶ 13} While the "abuse of discretion" language is an incorrect standard, the trial court found the magistrate's decision was supported by the correct legal standard, preponderance of the evidence. The trial court at 1 noted it "fully reviewed the transcript, the objection, the supplemental objections, and the response of the Ashland County Department of Job and Family Services." The trial court considered appellant's objections and conducted an independent review. The magistrate's decision was filed on January 5, 2022, and the trial court did not enter a judgment entry until May 9, 2022, giving the trial court adequate time to independently review the record.

{¶ 14} Upon review, we find the trial court followed the dictates of Juv.R. 40(D)(4)(d).

{¶ 15} Assignment of Error I is denied.

II

{¶ 16} In her second assignment of error, appellant claims the trial court erred in finding that reunification did not serve the respective child's best interest.

{¶ 17} Pursuant to R.C. 2151.415(A)(3), a public children services agency that has been given temporary custody of a child may file a motion requesting "[a]n order that the child be placed in the legal custody of a relative or other interested individual."

{¶ 18} Again, citing our colleagues from the Eighth District in *In re D.T.,* 2014-Ohio-4818, ¶ 20-22:

> Unlike permanent custody cases in which the trial court is guided by the factors outlined in R.C. 2151.414(D) before terminating parental rights and granting permanent custody, R.C. 2151.353(A)(3) does not provide factors the court should consider in determining the child's best interest in

a motion for legal custody. *In re G.M.* at ¶ 15. We must presume that, in the absence of best interest factors in a legal custody case, "the legislature did not intend to require the consideration of certain factors as a predicate for granting legal custody." *Id.* at ¶ 16. Such factors, however, are instructive when making a determination as to the child's best interest. *In re E.A.* [8th Dist. Cuyahoga No. 99065, 2013-Ohio-1193] at ¶ 13.

The best interest factors include, for example, the interaction of the child with the child's parents, relatives, and caregivers; the custodial history of the child; the child's need for a legally secure permanent placement; and whether a parent has continuously and repeatedly failed to substantially remedy the conditions causing the child to be placed outside the child's home. R.C. 2151.414(D).

Because custody determinations " 'are some of the most difficult and agonizing decisions a trial judge must make,' " a trial judge must have broad discretion in considering all of the evidence. *In re E.A.* at ¶ 10, quoting *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997). We therefore review a trial court's determination of legal custody for an abuse of discretion. *Miller v. Miller,* 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988). An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 19} We note appellant does not contest legal custody to SH. and N.H., but argues the trial court erred in finding reunification was not in the children's best interest.

{¶ 20} Hearings before a magistrate were held on August 23, and November 1, 2021.  At the time of removal from appellant's home, the paramount concern was the health of the children.  The magistrate stated it placed the most weight on case plan goals 1 through 5, set forth in the magistrate's decision at 4-5:


1. Demonstrate positive parenting practices;

2. Develop and demonstrate knowledge of appropriate parenting practices, including hygiene, nutrition, health social interactions and proper medical care;

3. Develop and demonstrate an understanding of their responsibility in providing safe and proper care to the children;

4. Develop and demonstrate the ability to address all of the children's medical needs to ensure that they are safe; [and]

5. Develop and demonstrate the understanding of the importance of honesty and full-cooperation[.]


{¶ 21} The magistrate found although appellant has made progress on portions of the case plan and "can provide proper care for the children, she has not demonstrated an ability to make decisions which are in the best interests of the children and for that reason, the Court finds that reunification of the children with Ms. [H.] is contrary to their best interests."  January 5, 2022 Magistrate's Decision at 7.

{¶ 22} The magistrate found during the pendency of the case, appellant "has continued to be suspicious of the requests of professionals with regard to the care of the children.  She has expressed opposition to various actions of health providers which were

routine and non-controversial. Examples would be objecting to an x-ray and her opposition to the administration of Novocain during a dental procedure." *Id.* at 9. The magistrate further found appellant "has been uncooperative and less than forthcoming with Department employees. She has continued to assert that she provided the children with appropriate health care prior to removal, essentially denying the global delays that [N.] had at the time of removal." *Id.* While the magistrate understood the relationship between parents and the agency can be tense, appellant's behavior "has gone beyond what the Court would consider 'usual.' " *Id.* The magistrate reviewed appellant's behaviors and found her attitude "impairs the children's access to individuals who can positively influence them and help them, and it models unhealthy communication in general." *Id.* The magistrate concluded appellant's "lack of openness, honesty and her sometimes hostile attitude hinders professionals in their ability to provide treatment and care for the children, and is therefore contrary to the best interests of the children." *Id.* The magistrate also found appellant makes parent-centered decisions rather than child-centered decisions; "she has yet to demonstrate an ability to view things in an objective and unselfish manner with regard to the children." *Id.* at 10. The magistrate stated "selfishness and objectivity is required to appropriately and safely parent children, and therefore its absence is very concerning to the Court when it comes to Ms. [H] being restored legal custody, and therefore all decision-making with regard to the children." *Id.* Since removal, both children have been thriving physically. *Id.* at 4. The magistrate concluded it was appellant's "judgment as a parent which caused the removal of the children in this case and it is her judgment as a parent, and her decision-making, which continues to make reunification with the children contrary to their best interests." *Id.* at 10.

{¶ 23} A review of the transcript supports the magistrate's findings.  T. at 31, 46, 52-53, 65-71, 72-73, 77-78, 81, 82-83, 87-88, 98, 102-103, 104, 105-106, 114-115, 122-123, 237-238, 255, 295-297, 300-301.

{¶ 24} We cannot say the trial court abused its discretion in determining it was not in the children's best interests to be reunified with appellant at this time.  We note appellant has not lost custody of her children and reunification with appellant is still a possibility.

{¶ 25} Upon review, based upon a preponderance of the evidence presented, we cannot say the trial court abused its discretion in granting the motion for legal custody.

{¶ 26} Assignments of Error II is denied.

{¶ 27} The judgments of the Court of Common Pleas of Ashland County, Ohio, Juvenile Division, are hereby affirmed.

By Wise, Earle, P.J.

Gwin, J. and

Delaney, J. concur.


EEW/db

[Cite as *In re N.B.*, 2022-Ohio-3891.]